*Tagged opinion*



**ORDERED in the Southern District of Florida on February 26, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NOS.  24-15755-LMI |
| | 24-15762-LMI |
| IVANKOVICH FAMILY LLC, A&O | 24-15767-LMI |
| FAMILY LLC (FLORIDA), A & O | 24-15770-LMI |
| FAMILY LLC (ILLINOIS), ATLAS P2 | Chapter 11 |
| MANAGING MEMBER, LLC. | |
| | |
| Debtors-In-Possession. | |
| _____/ | |
| IVANKOVICH FAMILY LLC, A&O | ADV. CASE NO. 24-1411-LMI |
| FAMILY LLC (FLORIDA),  A & O | |
| FAMILY LLC (ILLINOIS),  ATLAS P2 | |
| MANAGING MEMBER, LLC., | |
| ANTHONY IVANKOVICH, and OLGA | |
| IVANKOVICH, | |
| | |
| Plaintiffs, | |
| vs. | |
| | |
| JEANETTE IVANKOVICH, SCHILLER | |
| DUCANTO & FLECK LLP, and | |
| STEVEN  IVANKOVICH, | |
| | |
| Defendants. | |
| _____/ | |

**ORDER ON MOTION TO ABSTAIN FROM ADJUDICATING COUNTS II, IV,
AND VI OF PLAINTIFFS' ADVERSARY COMPLAINT**

This matter came before the Court for a hearing on January 29, 2025 and then again on February 11, 2025 for a further hearing (the "Hearings") upon the *Motion to Abstain from Adjudicating Counts II, IV, and VI of Plaintiffs' Adversary Complaint* (ECF #31) (the "Abstention Motion") filed by Defendants, Jeannette Ivankovich ("Jeannette") and Schiller Ducanto & Fleck LLP, ("Schiller") (collectively, the "Defendants"). The Court has reviewed the Complaint[1], Abstention Motion, the Joint Response and Joint Supplemental Response[2] filed by the Debtors Ivankovich Family LLC, A&O Family LLC (FL), A&O Family LLC (IL), and Atlas P2 Managing Member, LLC (collectively, the "Debtors") and Anthony and Olga Ivankovich (collectively, the "Doctors") (together, the "Plaintiffs"), the Defendants' Reply[3], and considered argument of the parties at the Hearings. For the reasons set forth below, the Court will exercise its discretion and permissively abstain from adjudicating Counts II and VI of the Complaint pursuant to 28 U.S.C. §1334(c)(1).[4]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

---

1 *Complaint for Objection to Claims and Interests of Jeanette Ivankovich and Schiller, Ducanto & Fleck LLP, and for Declaratory and Injunctive Relief* (ECF #1) (the "Complaint").
2 *Plaintiffs' Response to Defendants' Motion to Abstain from Adjudicating Counts II, IV, and VI of Plaintiff's Adversary Complaint* (ECF #36) (the "Joint Response"); *Joint Supplemental Response to Defendants' Motion to Abstain from Adjudicating Counts II, IV, and VI of Plaintifffs'* [sic] *Adversary Complaint* (ECF #48) (the "Joint Supplemental Response").
3 *Defendants' Reply in Support of Defendants' Motion to Abstain [ECF 31] and in Opposition to Plaintiffs' Joint Response to Defendants' Motion to Abstain from Adjudicating Counts II, IV, and VI Plaintiffs' Adversary Complaint [ECF 36] and Plaintiff's Supplemental Response [ECF 48]* (ECF #49) (the "Defendants' Reply").
4 At the Hearings, the Court granted Defendants' Motion to Dismiss (defined hereinafter) as to Count IV. Therefore, this opinion addresses the abstention arguments only as to the remaining Counts II and VI.

2

The Debtors are a string of related investment companies whose ownership interests are in dispute. The Debtors were allegedly founded by the Doctors and managed by the Doctors' son, Steven Ivankovich ("Steven"). Steven is in the midst of a contentious divorce proceeding with his estranged wife – the Defendant Jeanette. The divorce is pending in the Circuit Court of Cook County, Illinois County Department, Domestic Relations Division as *In re: Marriage of Jeanette Ivankovich (Petitioner) and Steven Ivankovich (Respondent)*, Case Number 2021-D-9220 (the "Illinois Divorce Proceeding" or the "Illinois Divorce Court").

Jeanette initiated the Illinois Divorce Proceeding against Steven on October 22, 2021.[5] On March 12, 2024, after an evidentiary hearing, the Illinois Divorce Court found that Jeanette has a clear protectable right in some of the Debtors' assets (by virtue of Steven's affiliation with them or control over them) because said assets are marital property and entered a preliminary injunction against Steven and his affiliates (the "Preliminary Injunction").[6] The Preliminary Injunction enjoined Steven from dissipating, destroying, transferring, encumbering, concealing, or otherwise disposing of some of the Debtors' assets held in investment accounts at Celadon Financial Group ("Celadon"). Pursuant to the Preliminary Injunction, Celadon was ordered to pay Jeanette child support and spousal support in the amount of $651,446.38 in satisfaction of unpaid support judgments entered in favor of Jeannette and against Steven. Celadon was also ordered to pay Jeanette's counsel, Schiller, $400,000.00 for legal fees and

---

[5] A copy of the Illinois Divorce Proceeding docket is attached to the Joint Supplemental Response (ECF #48).

3

$25,000.00 for the appointment of a forensic accounting expert. The Preliminary Injunction also ordered that the Celadon accounts be frozen in order to preserve the Debtors' assets until the Illinois Divorce Court had the opportunity to determine what interests Jeanette has in the Debtors' assets. Steven and the Debtors appealed the Preliminary Injunction to the First Judicial District in and for the Appellate Court of Illinois, Appellate Case Number 1-24-1118 (the "Appeal"); however, the Appeal is currently stayed as a result of the Debtors' bankruptcy.[7]

After the entry of the Preliminary Injunction and apparently prior to the Debtors' bankruptcy filing, the Illinois Divorce Court ruled that Ivankovich Family LLC, A&O Family LLC (Florida), A & O Family LLC (Illinois), and the Doctors are necessary parties to the Illinois Divorce Proceeding. The Doctors have been joined as necessary parties, but due to the bankruptcy cases, the Debtors have not been joined.

The Illinois Divorce Proceedings have been ongoing for over three years. Jeannette argues that the delay is due to Steven's bad faith and serial litigation habits and in support of this argument, attaches to her reply a sanctions order entered by the Illinois Divorce Court against Steven (the "Sanctions Order").[8] The Sanctions Order sanctioned Steven $420,000 and his counsel $70,000 for

---

[6] The Preliminary Injunction is attached as Exhibit A to the *Debtors' Response in Opposition to Motion to Dismiss Count IV* (ECF #17-1).

[7] Jeanette filed a *Motion for Determination that Automatic Stay Does Not Apply to State Court Divorce Proceeding or, Alternatively, for Relief from Automatic Stay to Allow State Court Divorce Proceeding to Determine Jeanette Ivankovich's Domestic Support Obligation Claim Including Any Attorney Fees Assessed and to Determine Ownership of Debtors* (ECF #123 in the Main Case) (the "Stay Relief Motion") requesting stay relief to allow the Appeal to go forward, which the Debtors opposed. The Court denied Jeanette's request.

delaying the proceedings and presenting facts that were not well grounded and were blatantly false.

While the Illinois Divorce Proceeding was pending, on November 13, 2023, Steven filed an action against Defendants in the Circuit Court of the 11th Judicial Circuit of Miami-Dade County, Florida seeking declaratory relief that assets of some of the Debtor LLCs were not assets of Steven and a declaration of marital rights of Jeanette, if any, to membership interests in the LLCs (the "Florida Action"). On December 26, 2023, the Florida Action was removed to United States District Court for the Southern District of Florida, Miami Division, Case Number 23-cv-24894-FAM. The district court dismissed Steven's complaint on July 1, 2024[9] based in part on the *Colorado River*[10] abstention doctrine finding that the Illinois Divorce Court is the proper court to determine whether Steven's interests in the LLCs constitute marital property and if so, to determine what interest Jeanette owns in those LLCs.[11]

On June 10, 2024 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); the four bankruptcy cases were subsequently consolidated

---

8 *See* Sanctions Order, attached as Exhibit A to Defendants' Reply (ECF #49).
9 *Ivankovich v. Ivankovich*, 2024 WL 3251570 (S.D. Fla. 2024).
10 The *Colorado River* abstention doctrine applies in cases that involve substantially the same parties and substantially the same issues. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Upon establishing substantially similar parties and issues, the Court must engage in a six-factor analysis to analyze the permissibility of abstention. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3 1320, 1330 (11th Cir. 2004). Those factors are as follows: (1) whether one of the courts has assumed jurisdiction over the property, (2) inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* (internal citations omitted).
11 Steven appealed the dismissal order on July 31, 2024 (USCA, 24-12480-F), but voluntarily dismissed the appeal on September 3, 2024.

for joint administration (the "Main Case").[12] Jeanette filed proofs of interest in each of the Debtors' bankruptcies for an "unknown" interest "representing a yet to be determined share of the equity" of the Debtors as "marital property" (Proof of Interest No. 6-1 in Case No. 24-15755-LMI; Proof of Interest No. 8-1 in Case No. 24-15762-LMI; Proof of Interest No. 6-1 in Case No. 24-15767-LMI; Proof of Interest No. 7-1 in Case No. 24-15770-LMI) (the "Disputed Interests").

On October 17, 2024, the Plaintiffs initiated this adversary proceeding by filing the Complaint. On November 25, 2024, Defendants filed a *Motion to Dismiss Counts II, IV, and VI of Adversary Complaint* (ECF #10) (the "Motion to Dismiss") and subsequently filed the Abstention Motion on January 22, 2025. In the Abstention Motion, Defendants ask this Court to abstain from adjudicating Counts II and VI of the Complaint (the "Counts"). Count II is an objection to the Disputed Interests brought by the Doctors against Jeanette and Count VI is brought by the Doctors against Jeanette and Steven for declaratory relief as to ownership of the Debtors. Defendants argue that mandatory abstention under 28 U.S.C. §1334(c)(2) applies to the Counts and alternatively, argues that the Court should permissively abstain from adjudicating the relief sought in the Counts pursuant to 28 U.S.C. §1334(c)(1).[13]

In their Joint Response, the Plaintiffs argued that the Abstention Motion was untimely pursuant to Local Rule 5011-2(A), which provides: "[a] motion to

---

[12] Ivankovich Family LLC 24-15755-LMI; Atlas P 2 Managing Member LLC 24-15770-LMI; A&O Family LLC(Florida) 24-15762-LMI; and A&O Family LLC (Illinois) 24-15767-LMI.
[13] As another alternative basis, Defendants argue that the *Younger* and *Colorado River* abstention doctrines support abstention. *Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River*, 424 U.S. 800. The Court does not need to determine whether either doctrine applies because the Court is

6

abstain from an adversary proceeding shall be filed not later than the date set for filing a response under Bankruptcy Rule 7012 and these local rules." The deadline for filing a response to the Complaint was November 25, 2024[14], which Defendants timely complied with by filing their Motion to Dismiss on that date. The Abstention Motion was not filed until January 22, 2025 and therefore, the Court ruled at the January 29 Hearing that the Abstention Motion was untimely.

However, because the Court has the authority to permissively abstain *sua sponte* from adjudicating the Counts, the Court continued the hearing to February 11 to allow the parties to submit further briefing on permissive abstention only.

## ANALYSIS

A bankruptcy court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11" when to do so would be "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1334(c)(1).

Any factors considered by a court in determining whether to exercise its discretion to abstain is governed by the three statutory factors – the interest of justice, interest of comity with state courts, and respect for state law. *AASI Creditor Liquidating Trust v. Peoplesoft, USA (In re All Am. Semiconductor, Inc.)*, 2010 WL 2854153, at *2 (Bankr. S.D. Fla. 2010).

In analyzing these three statutory factors, several courts, including this Court, have applied a list of non-exclusive factors a court should consider when

---

permissively abstaining pursuant to 28 U.S.C. §1334(c)(1).
14 *See Order Granting Unopposed Motion to Extend Time to File Response to Adversary Complaint* (ECF #8).

7

deciding whether permissive abstention is appropriate.

    (1)    The effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised;

    (2)    The extent to which state law issues predominate over bankruptcy issues;

    (3)    The difficulty or unsettled nature of the applicable state law;

    (4)    The presence of related proceedings commenced in state court or other non-bankruptcy courts;

    (5)    The jurisdictional basis, if any, other than § 1334;

    (6)    The degree of relatedness or remoteness of the proceedings to the main bankruptcy case;

    (7)    The substance rather than the form of an asserted "core" proceeding;

    (8)    The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    (9)    The burden on the bankruptcy court's docket;

    (10)    The likelihood that the commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties;

    (11)    The existence of a right to jury trial;

    (12)    The presence in the proceeding of non-debtor parties;

    (13)    Comity; and

    (14)    The possibility of prejudice to other parties in the action.

*Id.* (citing *E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002)). No particular factor is

controlling and it is within the discretion of the court how much weight, if any, should be given to any particular factor. *Id.* (internal citations omitted).

Plaintiffs first argue that permissive abstention should be denied because this Court has "core" jurisdiction and constitutional authority to finally adjudicate the disputed ownership interests in the Debtors under 28 U.S.C. §157(b), citing to cases that hold that the filing of a proof of interest and the resolution thereof constitute core proceedings within the equity jurisdiction of the bankruptcy court. *See In re AVN Corp.*, 235 B.R. 417 (W.D. Tenn. 1999); *In re Jordan River Resources, Inc.,* 455 B.R. 657 (Bankr. W.D. Mich. 2011). Defendants argue that the Counts are non-core, related to, matters because Jeanette's claims, which arise from unpaid support owed by Steven and her claimed equity interests are both issues that are squarely before the Illinois Divorce Court, and are state law marital issues.

The Plaintiffs also argue that the Court has core jurisdiction because the very structure of the bankruptcy plan that has been filed by the Debtors (the "Chapter 11 Plan")[15] hinges on resolution of the ownership of the Debtors, since, under the Chapter 11 Plan, the equity interests in the Debtors will be extinguished and new equity issued.

Whether the Counts constitute core matters is not outcome determinative of this Court's decision whether to permissively abstain from adjudicating the Counts. *See In re 160 Royal Palm, LLC*, 2020 WL 4792094 (Bankr. S.D. Fla. 2020) (permissively abstaining from a core matter); *In re Best Reception Sys., Inc.*, 220

---

15 *Debtors' Joint Plan of Reorganization* (ECF #202 in the Main Case).

9

B.R. 932, 955 (Bankr. E.D. Tenn. 1998) ("courts may abstain from hearing core proceedings under the authority of § 1334(c)(1)."); *In re Condra,* 212 B.R. 987, 992 (Bankr. M.D. Ala. 1997) ("Discretionary abstention is available in core and non-core proceedings. Even if this matter were a civil proceeding which is related to a case under Chapter 11, the court should abstain where the case was brought and should be timely heard in a state forum."). Regarding the argument that the resolution of the Chapter 11 Plan hinges on resolution of the ownership in the Debtors, the Court has already advised the parties that the Court will not set a confirmation hearing on the Chapter 11 Plan until the issue of Jeannette's interests in the Debtors has been resolved.

Applying the three statutory factors, with the overlay of the *United Container* factors, the Court finds that it is appropriate to abstain from adjudicating the relief sought in the Counts.

The first statutory factor is the "interest of justice." In applying the "interest of justice" factor to this case, the Court considers the likelihood that the commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties.

In this case, forum shopping with respect to the relief sought in the Counts is clear. These issues have been pending in Illinois Divorce Court for over three years. On September 14, 2023, the Illinois Divorce Court issued a temporary restraining order (the "TRO") enjoining, with some exceptions the disposition, etc. of certain assets held at Celadon.  On November 6, 2023, the Illinois Divorce Court ruled that the TRO would stay in place until a final order regarding Jeannette's

request for a Preliminary Injunction. Steven filed the Florida Action on November 13, 2023, only one week later. Steven appealed the dismissal of the Florida Action to the Eleventh Circuit Court of Appeals but voluntarily dismissed that appeal on September 3, 2024. This adversary proceeding was filed only a month later.

The second and third statutory factors are "comity" and "respect for state law." When state law issues predominate the proceedings, "[c]omity for the state courts and the general principle that cases arising under state law should generally be tried in the state court weigh in favor of permissive abstention." *United Container LLC,* 284 B.R. at 177. None of the parties dispute that the issues regarding whether and to what extent Steven has an interest in the Debtors, and to what extent Jeanette has a marital interest in Steven's interest in the Debtors is governed entirely by state law, with factors relating to Illinois family law bearing weight on that analysis. Thus, both comity and respect for state law warrant abstention.

Turning to some of the other factors outlined in *United Container* underscores the appropriateness of abstention. All of the parties involved in the Counts are non-debtors. The Counts are both brought by the Doctors against Jeanette and Steven and solely relate to a determination of ownership of the Debtors. These exact issues are currently pending in the Illinois Divorce Court in which the Doctors, Steven, and Jeanette (that is, *all* those claiming a legal or beneficial interest in the Debtors' equity) are parties. As the Court reiterated at the October 30, 2024 hearing on Jeannette's Stay Relief Motion, the equity interests in the Debtors are not property of the estate and therefore not subject to the

11

automatic stay. For those same reasons, a determination of ownership of the Debtors bears a limited connection to the Debtors' bankruptcy case, and only because of the provision in the Chapter 11 Plan impacting equity. "When a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." *Id*.

Plaintiffs argue that the dispute over ownership of the equity interests in the Debtors cannot be timely adjudicated in the Illinois Divorce Proceeding given that the case has already been pending for over three years and the Illinois Divorce Proceeding was just transferred to a new judge. The Plaintiffs assert that interested parties will be prejudiced if this bankruptcy case is effectively put on hold while awaiting final adjudication of the ownership issues in the Illinois Divorce Proceeding. Defendants counter that the only reason the Illinois Divorce Proceeding has been prolonged is due to Steven's bad faith and serial litigation habits, all as outlined in the Sanctions Order. Whether decided by this Court, or by the Illinois Divorce Court, the bankruptcy proceedings will be delayed until the ownership issue is resolved. Moreover, there is nothing preventing the Debtors in this surplus bankruptcy case from filing an amended bankruptcy plan that does not depend on resolution of the equity dispute.

The Court finds that requiring the parties to start the litigation anew in this Court would be a burden on the Court's docket and prejudice Jeanette who has been actively litigating the same issues before the Illinois Divorce Court for several years. Moreover, it is unnecessary for this Court to adjudicate the relief sought in the Counts when the Illinois Divorce Court has the most familiarity with the law

impacting the resolution. Both comity and respect for the Illinois Divorce Court and Illinois marital law make clear the appropriateness of abstention.

## CONCLUSION

Having considered the above relevant factors, the Court concludes that it should abstain from adjudicating the Counts pursuant to the permissive abstention provision of 28 U.S.C. §1334(c)(1) and that doing so is in the interest of justice, in the interest of comity with state courts, and respect for state law. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** as follows: the Abstention Motion (ECF #31) is **GRANTED**.

###

Copies furnished to:
Patricia A. Redmond, Esq.
Eyal Berger, Esq.
David L. Rosendorf Esq.

*Attorney Redmond is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*