**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

|  |  |
|---|---|
| IVANKOVICH FAMILY LLC,<br>A&O FAMILY LLC (FL),<br>A&O FAMILY LLC (IL),<br>ATLAS P2 MANAGING MEMBER, LLC,<br><br>      Reorganized Debtors.<br>                         / | Chapter 11<br><br>Case No. 24-15755-LMI<br>(Jointly Administered)<br>      24-15762-LMI<br>      24-15767-LMI<br>      24-15770-LMI |

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FL),
A&O FAMILY LLC (IL),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

      Plaintiffs,

v.

          Adv. Pro. No. 24-01411-LMI

JEANETTE IVANKOVICH, SCHILLER
DUCANTO & FLECK, LLP, and STEVEN
IVANKOVICH,

      Defendants.
                         /

**MOTION FOR ENTRY OF AN ORDER**
**CLARIFYING, OR IN THE ALTERNATIVE, SCHEDULING**
**A REHEARING OF THE COURT'S ORAL RULING DISMISSING**
**COUNT FIVE OF THE AMENDED COMPLAINT WITHOUT PREJUDICE**

Ivankovich Family LLC ("**Ivankovich Family**"), A&O Family LLC, a limited liability

company organized under the laws of Florida ("**A&O Family (FL)**"), A&O Family LLC, a limited

liability company organized under the laws of Illinois ("**A&O Family (IL)**"), and Atlas P2

Managing Member, LLC ("**Atlas P2**"), as the reorganized debtors in the above-captioned

84983276;1

chapter 11 cases (collectively, the "**Debtors**" and, as reorganized, the "**Reorganized Debtors**"), and Anthony and Olga Ivankovich (the "**Ivankovichs**", and collectively with the Reorganized Debtors, the "**Plaintiffs**"), respectfully submit this motion (this "**Motion**") regarding the oral ruling on January 7, 2026, granting with conditions the *Joint Motion to Dismiss Count Five of the Amended Complaint as Moot* (Adv. Docket No. 147) (the "**Motion to Dismiss**"), filed in the United States Bankruptcy Court for the Southern District of Florida (this "**Court**").[1]  Specifically, the Plaintiffs seek: (i) clarification with respect to (a) the condition for priority of the ownership dispute of the Celadon Accounts before the Illinois Divorce Court and (b) waiver of the absolute right to substitute a future new judge; and (ii) limited reconsideration solely with respect to identification of the Jeanette/Schiller Disputed Claim Reserve and the Reorganized Debtors' continued authority under the Confirmation Order (as defined herein) to use those funds to pay creditor obligations under the Plan.

I.   **Prioritizing the Dispute Regarding Ownership of the Celadon Accounts In the Illinois Divorce Proceeding Would Violate Illinois State Law**

Illinois state law makes clear that marital property claims must be heard as a whole and may not be dichotomized.  In *In re Marriage of Mathis*, the Illinois supreme court noted that "because the value of marital property often changes while the parties litigate ancillary issues," complications could arise from bifurcating dissolution proceedings and could prolong litigation. 986 N.E.2d 1139, 1147 (Ill. 2012) (explaining that "the systematic interests in achieving finality, promoting judicial economy, and avoiding piecemeal litigation will typically militate in favor of resolving all ancillary issues . . . .").  In the same way, the Illinois supreme court views "the numerous issues involved with a dissolution of marriage case" as "all part of a single claim and

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

84983276;1

not separately appealable under Rule 304(a)." *In re Marriage of Rednour*, 2018 IL App (5th) 160205-U, ¶ 25 (Ill. App. Ct. 2018) (citing *In re Marriage of Leopando*, 449 N.E.2d 137, 140 (Ill. 1983)); *see also In re Marriage of Mackin*, 909 N.E.2d 912, 914 (2009) ("In dissolution proceedings, a petition for dissolution advances a single claim, and issues such as custody, maintenance, property division, child support, and attorney fees are ancillary issues relating to that claim.").

Accordingly, to avoid piecemeal litigation and to promote judicial economy, ancillary issues such as property division, but excluding custody disputes,[2] should be decided as a whole. Therefore, prioritizing the dispute regarding ownership of the Celadon Accounts in the Illinois Divorce Proceeding would result in piecemeal litigation—an inefficiency representing the antithesis of judicial economy—and would defy Illinois state law.

Nevertheless, only parties to the Divorce Proceeding—i.e. Jeanette and Steven—have standing to make requests for prioritization of issues. *See Garrison v. Garrison*, 721, 425 N.E.2d 518, 521 (Ill. App. Ct. 1981) (finding that a son lacked standing in a dissolution action). In this way, because the Reorganized Debtors are not parties to the Divorce Proceeding, they are third parties without standing or authority to intervene in the Divorce Proceeding to request prioritization of the issue regarding ownership of the Celadon Accounts. Finally, as the Eleventh Circuit explained in *Carver v. Carver*, bankruptcy courts should abstain from family law matters "in order to avoid entangling the federal court in family law matters best left to state court." 954 F.2d 1573, 1578 (11th Cir. 1992); *see also In re Davis*, 172 B.R. 696, 700 (Bankr. S.D. Ga. 1993) (noting that "out of concerns of comity and judicial economy, where appropriate the bankruptcy

---

[2]    Illinois courts have held, however, that "a child custody judgment, even when it is entered prior to the resolution of other matters involved in the dissolution proceeding such as property distribution and support, shall be treated as a distinct claim." *In re Marriage of Fatkin*, 116 N.E.3d 981, 988 (Ill. App. Ct. 2018), *rev'd on other grounds*, 2019 IL 123602.

3

court should exercise its discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing a proceeding that would embroil it in state law matters"). While the Reorganized Debtors maintain that that they do not have standing or authority to request the Illinois Divorce Court prioritize the issue of ownership of the Celadon Accounts—a request contrary to Illinois state law—to the extent that Jeanette makes such a request of the Illinois Divorce Court, the Reorganized Debtors will not raise any opposition.

**II.     Waiver of the Absolute Right to Request Substitution of the Sitting Judge In the Divorce Proceeding Should Only Apply to Judge Boyd**

Under Illinois state law, section 2-1001(a)(2) of the Illinois Code of Civil Procedure provides parties with one absolute right to request substitution of the present sitting judge made to the court in which the case is pending. *See* 735 ILCS 5/2-1001(a)(2). The current presiding judge over the Illinois Divorce Proceeding is Judge William S. Boyd ("**Judge Boyd**"). The Reorganized Debtors understand that they shall waive their absolute right to request a substation of Judge Boyd. However, to the extent that Judge Boyd refers the matter or certain issues to other judges, the Reorganized Debtors should not be required to waive their right to request substitution of any subsequent judge, to the extent one is appointed. Such a waiver would not be knowing, as it is impossible to determine at this time the identity of a subsequent judge, if any. In addition, the waiver of this right should not extend beyond the issue of ownership of the Celadon Accounts because only that issue was included in Count Five. A waiver of the right to request substitution of a judge for issues beyond the scope of Count Five would be inappropriate.

**III.    The Addition of Claims to Defendants' Proposed Order Is Beyond the Scope of Count Five**

The *Third Supplement to Debtors' Amended Joint Plan of Reorganization* (Docket No. 553) (the "**Third Plan Supplement**"), which supplemented to Article VII of the Plan the implementation of Disputed Claim Reserves (section 7.12), provides that upon the "Effective Date,

4

84983276;1

the Reorganized Debtors shall provide the Disbursing Agent with sole authority to withdraw **any** funds from the P2 Portfolio Managing Member, LLC Celadon Account ending in 1443, **all accounts** at Debtor Ivankovich Family, LLC, and **all accounts** at Debtor A&O Family, LLC (IL) (or any substitute accounts opened with the approval of the Court by the Disbursing Agent to retain the securities or deposits in the aforementioned accounts) to fund any Allowed Claim granted in favor of Jeanette Ivankovich or Schiller Ducanto & Fleck, LLP . . . . Within two (2) business days of a final adjudication of all disputed claims alleged by Jeanette Ivankovich and Schiller Ducanto & Fleck, LLP against the Debtors, the Disbursing Agent shall be authorized to disburse to A&O Family, LLC (FL) any surplus assets remaining in the Jeanette/Schiller Disputed Claim Reserve and otherwise close **any accounts** holding the Jeanette/Schiller Disputed Claim Reserve."  Third Plan Supplement at ¶ 6 (emphasis added).  Similarly, the *Order Confirming Debtors' Amended Joint Plan of Reorganization* (Docket No. 652) (the "**Confirmation Order**") also provides that "[u]pon the Effective Date, the Reorganized Debtors shall provide the Disbursing Agent with sole authority to withdraw **any** funds from the P2 Portfolio Managing Member, LLC Celadon Account ending in 1443, **all accounts** at Debtor Ivankovich Family, LLC, and **all accounts** at Debtor A&O Family, LLC (IL) (or any substitute accounts opened with the approval of the Court by the Disbursing Agent to retain the securities or deposits in the aforementioned accounts) to fund any Allowed Claim granted in favor of Jeanette Ivankovich or Schiller Ducanto & Fleck, LLP . . . . Within two (2) business days of a final adjudication of all disputed claims alleged by Jeanette Ivankovich and Schiller Ducanto & Fleck, LLP against the Debtors, the Disbursing Agent shall be authorized to disburse to A&O Family, LLC (FL) any surplus assets remaining in the Jeanette/Schiller Disputed Claim Reserve and otherwise close **any accounts** holding the Jeanette/Schiller Disputed Claim Reserve."  Confirmation Order at ¶ 14 (emphasis added).

84983276;1

Accordingly, both the Third Plan Supplement and the Confirmation Order provide that the Jeanette/Schiller Disputed Claim Reserve constitute all of the accounts of Ivankovich Family LLC and A&O Family LLC (IL), and the Celadon Accounts of Atlas P2 Managing Member, LLC.

Further, in the *Reorganized Debtors' Motion for Entry of an Order Authorizing the Reorganized Debtors to Disburse Funds from the Disputed Claim Reserve to Satisfy the Remaining Jeanette and Schiller Claims* (Docket No. 678) (the "**Motion to Disburse**"), the Reorganized Debtors requested Court authority to disburse funds from the Disputed Claim Reserve comprised of "any funds from the P2 Portfolio Managing Member, LLC Celadon Account ending in 1443, all accounts at Debtor Ivankovich Family, LLC, and all accounts at Debtor A&O Family, LLC (IL) (or any substitute accounts opened with the approval of the Court by the Disbursing Agent to retain the securities or deposits in the aforementioned accounts)." Motion to Disburse at 3.  The Court granted the Motion to Disburse by entering the *Agreed Order Granting Reorganized Debtors' Motion for Entry of an Order Authorizing the Reorganized Debtors to Disburse Funds from the Disputed Claim Reserve to Satisfy the Remaining Jeanette and Schiller Claims* (Docket No. 683) (the "**Agreed Order**"), which provided that "[u]pon confirmation that the Remaining Jeanette Claim and Remaining Schiller Claim have been fully funded and satisfied, Celadon, Wedbush, and the Disbursing Agent shall be authorized to transfer **all remaining funds** in the Jeanette Ivankovich Disputed Claim Reserve to A&O Family, LLC (FL) pursuant to the terms of the Plan and Confirmation Order, and the Adversary Proceeding." Agreed Order at ¶ 5 (emphasis added).

By entry of the Agreed Order, this Court authorized the Reorganized Debtors to satisfy the Remaining Jeanette and Schiller Claims from the above accounts that constitute the Disputed Claim Reserve, which the Reorganized Debtors have already completed, *see Notice of*

84983276;1

*Disbursement* (Docket No. 689); *Notice of Wire Transfer* (Docket No. 693).  And once the Remaining Jeanette Claim and Schiller Claims were fully funded and satisfied, the clear language of both the Confirmation Order and the Agreed Order trigger that all remaining funds be sent to A&O Family, LLC (FL) for the express purpose of allowing it to make remaining Plan payments[3], and the Defendants should now be estopped from arguing that the very accounts used to satisfy their claims, as directed by the Agreed Order, are now not part of the Disputed Claim Reserve.

As reflected in the redline attached hereto as **Exhibit A** of the Defendants' proposed order marked against the Plaintiffs' proposed order, the Defendants have included potential claims that could be brought, which have nothing to do with the Celadon Accounts and go far beyond the relief sought by Count Five.  By the Defendants' proposed order, the Defendants are requesting entry of an order that the Reorganized Debtors, among other things, stipulate to: (i) personal jurisdiction; (ii) subject matter jurisdiction; (iii) how the money in the Celadon Accounts was used; and (iv) how the money in the Celadon Accounts was dissipated.  These additional facts are all beyond the scope of Count Five, which simply sought a determination of ownership of the Celadon Accounts.  What is more, Defendants failed to raise any of these claims as a counterclaim or otherwise, and should be estopped[4] from raising them now in the context of a voluntary dismissal.

WHEREFORE, the Plaintiffs respectfully request that the Court grant this Motion and enter the Plaintiffs' proposed order attached hereto as **Exhibit B** or in the alternative, schedule a rehearing of the Court's oral ruling dismissing Count Five, and for such other and further relief as the Court deems just and appropriate.

---

[3]    Currently, the remaining payment obligations pursuant to the Plan exceed at least $6,000,000.

[4]    *See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) (noting that a defendant who fails to raise a counterclaim in the first proceeding waives their right and is barred from later asserting that claim); *see also Menendez v. Perishable Distributors, Inc.*, 763 F.2d 1374, 1378 (11th Cir. 1985) ("Generally, a litigant's failure to assert an affirmative defense in a responsive pleading results in a waiver of that defense.").

7

Dated: January 9, 2026          Respectfully submitted,

          By: */s/ Eyal Berger*
          Eyal Berger, Esq.
          Florida Bar No: 011069
          eyal.berger@akerman.com
          **AKERMAN LLP**
          201 E. Las Olas Blvd., Suite 1800
          Fort Lauderdale, Florida  33301
          Tel: (954) 463-2700
          Fax: (954) 463-2224

          *Attorneys for Plaintiffs/Debtors-in-Possession*

8

84983276;1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2026, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to

those parties registered to receive electronic notices of filing in this adversary proceeding.


By:  /s/ *Eyal Berger*
                Eyal Berger, Esq.

84983276;1

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:

IVANKOVICH FAMILY LLC,                                   Chapter 11
A&O FAMILY LLC (FLORIDA),                                 Case Nos.:    24-15755-LMI
A & O FAMILY LLC (ILLINOIS),    and                                     24-15762-LMI
ATLAS P2 MANAGING MEMBER, LLC.                                          24-15767-LMI
                                                                        24-15770-LMI

      Debtors-In-Possession.
_____/

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FLORIDA),                                 Adv. Case No.:  24-01411-LMI
A & O FAMILY LLC (ILLINOIS),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

      Plaintiffs,
vs.

JEANETTE IVANKOVICH, SCHILLER DUCANTO
& FLECK LLP, AND STEVEN IVANKOVICH,

      Defendants.
_____/

84962787;1

**[PROPOSED] ORDER DISMISSING**
**COUNT FIVE OF THE AMENDED COMPLAINT [ECF 147]**

THIS CAUSE came before the Court for hearing on January 6, 2026, at 2:30 p.m. (the "**Hearing**") upon the *Joint Motion to Dismiss Count Five of the Amended Complaint as Moot*, (the "**Motion**") (ECF 147), Defendant Jeanette Ivankovich and Defendant Schiller DuCanto & Fleck LLP Response to the Motion (the "**Response**") (ECF 164), and Plaintiffs' Reply in Support of the Motion (the "**Reply**") (ECF 165) . The Court has reviewed the Motion and the Reply, the Defendants' Response, and other filings and pleadings in the main bankruptcy case, hearing oral argument by the parties attending the Hearing, and for the reasons set forth by the Court at the Hearing ~~including the findings and conclusions supporting this Order~~, the Court **ORDERS AND ADJUDGES** as follows:

1. The Motion is GRANTED as modified herein~~, and pursuant to the conditions imposed by the Court, as announced during the Court's oral ruling at the Hearing, and as set forth below~~. Count ~~V~~Five of the Adversary Proceeding is dismissed without prejudice pursuant to Fed. R. Bank. P. 7041 and Fed. R. Civ. P. 41(a)(2)~~,~~ conditioned upon the terms of this Order. ~~The Plaintiffs were provided notice of the Court's conditions for dismissal and given an opportunity to object to these conditions, and the Court has been advised that the Plaintiffs have accepted the conditions set forth in this Order.~~

2. This Order does not make any factual findings or legal conclusions as to whether the relief sought in Count Five of the Adversary Proceeding is moot. ~~Neither the Plan (as defined in and confirmed by the *Order Confirming Debtors' Amended Joint Plan of Reorganization* [Main Case ECF 622]) nor any of its provisions determined that all of~~

84962787;1

the Celadon Accounts were included in the Disputed Claims Reserve. With the exception of any existing plan obligations by the Reorganized Debtors regarding payments to the remaining creditors of the Reorganized Debtors, nothing in this Order may be used to limit or restrict the rights of Jeanette Ivankovich in the Illinois Dissolution of Marriage action to pursue and obtain marital support (alimony), child support, attorneys fees, and any claims of marital property interests and to obtain an adjudication as to the ownership of the Celadon Accounts (as defined in the Motion).

3. If any of the Plaintiffs seek, prosecute or defend any determination of an affirmative adjudication as to the  ownership of the Celadon Accounts, in the Illinois Divorce Court (as defined in the Motion) (Case No. 2021 D 9220, Circuit Court, Cook County, Illinois, Domestic Division), or other proceedings, the Plaintiffs shall be obligated to first  pay the Jeanette Defendants for any portion of thetheir litigation fees and costs incurred in the adversary proceeding related solely to defense and litigation of Count Five ("Litigation Costs"),  subject to a credit for any Litigation Costs incurred in connection with discovery of materials related to Count Five that Plaintiffs consent to the Jeanette Defendants to use in other proceedings related to the adjudication of the ownership of the Celadon Accounts. This Court reserves jurisdiction to determine the amount of Litigation Costs, if raised by the Defendants and if the Plaintiffs and Defendants are unable to agree on the amount to be paid pursuant to this Order.

4. By accepting the Court's conditions, each ofAs a condition of the dismissal of Count Five without prejudice, the Plaintiffs have hereby stipulated and consentedshall jointly file a stipulation with the Court that stipulates and consents to: (a) to the

84962787;1

jurisdiction of the Illinois Divorce Court, for all purposes, to fully address and resolve all issues raised as to ownership, ~~character, allocation and dissipation~~ of the Celadon Accounts <u>in Count Five</u>, including any issue as to whether the Celadon Accounts are marital property, and including ~~contesting the issues as~~<u>whether the relief sought in Count Five is</u> moot; and (b) ~~to be restricted from asserting any right to seek replacement of~~<u>with respect to</u> the Illinois Divorce Court ~~judges by permanently waiving their~~<u>currently presided over by Judge Boyd, Plaintiffs shall not file any motion for</u> substitution of judge <u>as of</u> right~~,~~ <u>pursuant to 735 ILCS 5/2-1001(a)(2) as to Judge Boyd. No waiver as to any other judge. Nothing in this Order, the Motion, or the stipulation required by this paragraph waives, impairs, limits, restricts, forfeits, estops, or otherwise affects any right under Illinois law—including any right</u> under 735 ILCS 5/2-1001(a)(2) ~~for each Plaintiff; and (c) to the extent that Jeanette seeks any declaratory or other dispositive relief relating to the Celadon Accounts before the Divorce Court, and to the extent that the Divorce Court considers Plaintiffs' input, the Plaintiffs agree that such motion shall be accorded priority within the first 5 (five) matters to be adjudicated by the Divorce Court.. As further confirmation of the Plaintiffs' consent to these conditions pursuant to Rule 41(a)(2), the Plaintiffs will file joint stipulation and consent to the conditions set forth in this Order.~~ <u>to seek substitution of judge as of right as to any judge other than Judge Boyd, including any judge to whom the Illinois Divorce Court proceeding may hereafter be reassigned, transferred, or otherwise assigned. This subparagraph (b) is not intended, and shall not be construed, to constitute (i) a determination by this Court that it has jurisdiction or authority to direct, restrict, or adjudicate substitution-of-judge rights or procedures</u>

in the Illinois Divorce Court, (ii) any consent by any party to such jurisdiction or authority, or (iii) any waiver, forfeiture, estoppel, or other limitation of any party's right to contend that this Court lacks such jurisdiction or authority. The effect, enforceability, and application of this subparagraph (b) in the Illinois Divorce Court—including any question of substitution of judge under Illinois law—shall be determined exclusively by the Illinois Divorce Court.

# # #

**Submitted by:**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
predmond@stearnsweaver.com

*(Attorney Redmond is directed to serve a copy of this Order upon all interested parties and to file a Certificate of Service.)*

84962787;1
#14370760 v114363564 v2

| Summary report: Litera Compare for Word 11.14.0.42 Document comparison done on 1/9/2026 12:27:45 PM | |
|---|---|
| **Style name:** Akerman Default | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** DEF PROPOSED ORDER DISMISSING COUNT FIVE - 1.9.26 Defs draft.docx | |
| **Modified filename:** PLAINTIFFS' PROPOSED ORDER DISMISSING COUNT V.docx | |
| **Changes:** | |
| Add | 16 |
| Delete | 23 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 39 |

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:

IVANKOVICH FAMILY LLC,                          Chapter 11
A&O FAMILY LLC (FLORIDA),                        Case Nos.:      24-15755-LMI
A & O FAMILY LLC (ILLINOIS),   and                              24-15762-LMI
ATLAS P2 MANAGING MEMBER, LLC.                                  24-15767-LMI
                                                                24-15770-LMI

          Debtors-In-Possession.
_____/

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FLORIDA),                        Adv. Case No.:  24-01411-LMI
A & O FAMILY LLC (ILLINOIS),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

          Plaintiffs,
vs.

JEANETTE IVANKOVICH, SCHILLER DUCANTO
& FLECK LLP, AND STEVEN IVANKOVICH,

          Defendants.
_____/

84962787;1

**[PROPOSED] ORDER DISMISSING**
**COUNT FIVE OF THE AMENDED COMPLAINT [ECF 147]**

THIS CAUSE came before the Court for hearing on January 6, 2026, at 2:30 p.m. (the "**Hearing**") upon the *Joint Motion to Dismiss Count Five of the Amended Complaint as Moot*, (the "**Motion**") (ECF 147), Defendant Jeanette Ivankovich and Defendant Schiller DuCanto & Fleck LLP Response to the Motion (the "**Response**") (ECF 164), and Plaintiffs' Reply in Support of the Motion (the "**Reply**") (ECF 165)  . The Court has reviewed the Motion and the Reply, the Defendants' Response, and other filings and pleadings in the main bankruptcy case, hearing oral argument by the parties attending the Hearing, and for the reasons set forth by the Court at the Hearing, the Court  **ORDERS AND ADJUDGES** as follows:

1. The Motion is GRANTED as modified herein.  Count Five of the Adversary Proceeding is dismissed without prejudice pursuant to Fed. R. Bank. P. 7041 and Fed. R. Civ. P. 41(a)(2) conditioned upon the terms of this Order.

2. This Order does not make any factual findings or legal conclusions as to whether the relief sought in Count Five of the Adversary Proceeding is moot. With the exception of any existing plan obligations by the Reorganized Debtors regarding payments to the remaining creditors of the Reorganized Debtors, nothing in this Order may be used to limit or restrict the rights of Jeanette Ivankovich to pursue and obtain marital support (alimony), child support, attorneys fees, and any claims of marital interests and obtain an adjudication as to the ownership of the Celadon Accounts (as defined in the Motion).

3. If any of the Plaintiffs seek an affirmative adjudication as to the  ownership of the Celadon Accounts, in the Illinois Divorce Court (as defined in the Motion) (Case No. 2021 D 9220, Circuit Court, Cook County, Illinois, Domestic Division), or other

84962787;1

proceedings, the Plaintiffs shall be obligated to  pay the Jeanette Defendants for any portion of their litigation fees and costs incurred in the adversary proceeding related solely to defense and litigation of Count Five ("Litigation Costs"),  subject to a credit for any Litigation Costs incurred in connection with discovery of materials related to Count Five that Plaintiffs consent to the Jeanette Defendants use in other proceedings related to the adjudication of the ownership of the Celadon Accounts. This Court reserves jurisdiction to determine the amount of Litigation Costs, if raised by the Defendants and if the Plaintiffs and Defendants are unable to agree on the amount to be paid pursuant to this Order.

4. As a condition of the dismissal of Count Five without prejudice, the Plaintiffs shall jointly file a stipulation with the Court that stipulates and consents to: (a) the jurisdiction of the Illinois Divorce Court, for all purposes, to fully address and resolve all issues raised as to ownership of the Celadon Accounts in Count Five, including any issue as to whether the Celadon Accounts are marital property, and including whether the relief sought in Count Five is moot; and (b) with respect to the Illinois Divorce Court currently presided over by Judge Boyd, Plaintiffs shall not file any motion for substitution of judge as of right pursuant to 735 ILCS 5/2-1001(a)(2) as to Judge Boyd. No waiver as to any other judge. Nothing in this Order, the Motion, or the stipulation required by this paragraph waives, impairs, limits, restricts, forfeits, estops, or otherwise affects any right under Illinois law—including any right under 735 ILCS 5/2-1001(a)(2)—to seek substitution of judge as of right as to any judge other than Judge Boyd, including any judge to whom the Illinois Divorce Court proceeding may hereafter be reassigned, transferred, or otherwise assigned. This subparagraph (b) is not

84962787;1

intended, and shall not be construed, to constitute (i) a determination by this Court that it has jurisdiction or authority to direct, restrict, or adjudicate substitution-of-judge rights or procedures in the Illinois Divorce Court, (ii) any consent by any party to such jurisdiction or authority, or (iii) any waiver, forfeiture, estoppel, or other limitation of any party's right to contend that this Court lacks such jurisdiction or authority. The effect, enforceability, and application of this subparagraph (b) in the Illinois Divorce Court—including any question of substitution of judge under Illinois law—shall be determined exclusively by the Illinois Divorce Court.

# # #

**Submitted by:**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
predmond@stearnsweaver.com

*(Attorney Redmond is directed to serve a copy of this Order upon all interested parties and to file a Certificate of Service.)*

84962787;1
#14363564 v2