

**ORDERED in the Southern District of Florida on January 12, 2026.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:

IVANKOVICH FAMILY LLC,                      Chapter 11
A&O FAMILY LLC (FLORIDA),                    Case Nos.:      24-15755-LMI
A & O FAMILY LLC (ILLINOIS), and                             24-15762-LMI
ATLAS P2 MANAGING MEMBER, LLC.                               24-15767-LMI
                                                            24-15770-LMI

　　　Debtors-In-Possession.
_____/
IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FLORIDA),                    Adv. Case No.:  24-01411-LMI
A & O FAMILY LLC (ILLINOIS),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

　　　Plaintiffs,
vs.

JEANETTE IVANKOVICH, SCHILLER DUCANTO
& FLECK LLP, AND STEVEN IVANKOVICH,

　　　Defendants.
_____/

Adv. Case No.:  24-01411-LMI

## ORDER CONDITIONALLY DISMISSING
## COUNT FIVE OF THE AMENDED COMPLAINT

THIS CAUSE came before the Court for hearing on January 6, 2026, at 2:30 p.m. (the "**Hearing**") upon the *Joint Motion to Dismiss Count Five of the Amended Complaint as Moot*, (the "**Motion**") (ECF #147), Defendant Jeanette Ivankovich and Defendant Schiller DuCanto & Fleck LLP Response to the Motion (the "**Response**") (ECF #164), and Plaintiffs' Reply in Support of the Motion (the "**Reply**") (ECF #165). The Court has reviewed the Motion and the Reply, the Defendants' Response, and other filings and pleadings in the main bankruptcy case, hearing oral argument by the parties attending the Hearing, and for the reasons set forth by the Court at the Hearing including the findings and conclusions supporting this Order, the Court **ORDERS AND ADJUDGES** as follows:

1.      The Motion is GRANTED as modified herein, and pursuant to the conditions imposed by the Court, as announced during the Court's oral ruling at the Hearing, and as set forth below, and contingent upon Plaintiffs' acceptance of the conditions set forth in this Order. Count Five of the Adversary Proceeding is dismissed without prejudice pursuant to Fed. R. Bank. P. 7041 and Fed. R. Civ. P. 41(a)(2), conditioned upon the terms of this Order.

2.      This Order does not make any factual findings or legal conclusions as to whether the relief sought in Count Five of the Adversary Proceeding is moot as the Court finds that the Plan (as defined in and confirmed by the *Order Confirming Debtors' Amended Joint Plan of Reoranization* [Main Case ECF #622]) is, at best, ambiguous, regarding whether the Celadon Accounts were synonymous with the Disputed Claims Reserve. With the exception of any existing plan obligations by the Reorganized Debtors regarding payments to the remaining creditors of the Reorganized Debtors, nothing in this Order may be used to limit or restrict the rights of Jeanette Ivankovich in the Illinois Dissolution of Marriage action to pursue and obtain marital support

(alimony), child support, attorneys fees, and any claims of marital interests and to obtain an adjudication as to the ownership of the Celadon Accounts (as defined in the Motion).

3.     If any of the Plaintiffs seek affirmatively or through a counterclaim, crossclaim or a similar procedure, any determination of ownership of the Celadon Accounts in the Illinois Divorce Court (as defined in the Motion) (Case No. 2021 D 9220, Circuit Court, Cook County, Illinois, Domestic Division), or other proceedings, the Plaintiffs shall be obligated as a condition precedent to seeking such relief, to first pay the Jeanette Defendants for any portion of the litigation fees and costs incurred in the adversary proceeding related solely to defense and litigation of Count Five ("Litigation Costs"), subject to a credit for any Litigation Costs incurred in connection with discovery of materials related to Count Five to the use of which Plaintiffs consent by the Jeanette Defendants in other proceedings related to the adjudication of the ownership of the Celadon Accounts. This Court reserves jurisdiction to determine the amount of Litigation Costs, if raised by the Defendants and if the Plaintiffs and Defendants are unable to agree on the amount to be paid pursuant to this Order.

4.     As a condition of the dismissal of Count Five without prejudice, each of the Plaintiffs shall jointly file a stipulation with the Court that stipulates and consents: (a) to the jurisdiction of the Illinois Divorce Court, for all purposes, to fully address and resolve all issues raised as to ownership, character, and allocation of the Celadon Accounts as set forth in Count Five, including any issue as to whether the Celadon Accounts are marital property, and including whether the relief in Count Five is moot;  and (b) to be restricted from asserting any right to seek replacement of the Illinois Divorce Court judges by permanently waiving their substitution of judge as of right, under 735 ILCS 5/2-1001(a)(2) for each Plaintiff.  Nothing herein is intended to restrict any party's right to seek substitution of any judge for cause as that term is understood under

3

Illinois law.

5.      To the extent that Jeanette seeks any declaratory or other dispositive relief relating to the Celadon Accounts before the Divorce Court, and requests such relief be accorded priority, and to the extent that the Divorce Court considers Plaintiff's input, the Plaintiffs agree that they will not oppose any such request.

6.      As confirmation of the Plaintiffs' consent to these conditions pursuant to Rule 41(a)(2), the Plaintiffs will file a joint stipulation and consent to the conditions set forth in this Order, no later than 5:00 p.m. on January 14, 2026.  If the Plaintiffs decline to timely file such joint stipulation and consent, the Motion shall be and is hereby DENIED and the trial will proceed as scheduled.

# # #

Copy to:
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
predmond@stearnsweaver.com

*(Attorney Redmond is directed to serve a copy of this Order upon all interested parties who do not receive notice by CMECF and to file a Certificate of Service.)*