**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FL),
A&O FAMILY LLC (IL),
ATLAS P2 MANAGING MEMBER, LLC,

    Reorganized Debtors.

_____/

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FL),
A&O FAMILY LLC (IL),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

    Plaintiffs,

v.

JEANETTE IVANKOVICH, SCHILLER
DUCANTO & FLECK, LLP, and STEVEN
IVANKOVICH,

    Defendants.

_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
   24-15762-LMI
   24-15767-LMI
   24-15770-LMI

Adv. Pro. No. 24-01411-LMI

**NOTICE OF STIPULATION**

**PLEASE TAKE NOTICE** that, pursuant to the *Order Conditionally Dismissing Count Five of the Amended Complaint* (Adv. Docket No. 169) (the "**Dismissal Order**"), each of the above-referenced Plaintiffs hereby files the attached *Plaintiffs' Joint Stipulation Regarding Dismissal Order*, consenting to the conditions set forth in the Dismissal Order.

85028689;1

Dated: January 14, 2026

Respectfully submitted,

By: _/s/ Eyal Berger_
Eyal Berger, Esq.
Florida Bar No: 011069
eyal.berger@akerman.com
**AKERMAN LLP**
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida  33301
Tel: (954) 463-2700
Fax: (954) 463-2224

*Attorneys for Plaintiffs/Debtors-in-Possession*

-and-

By: _/s/ David L. Rosendorf_
David L. Rosendorf, Esq.
Florida Bar No: 996823
dlr@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida  33134
Tel: (305) 372-1800
Fax: (305) 372-3508

*Attorneys for Drs. Anthony & Olga Ivankovich*

85028689;1

*Execution Version*

## PLAINTIFFS' JOINT STIPULATION REGARDING DISMISSAL ORDER

This stipulation (this "**Stipulation**")[1] is entered into by the plaintiffs in adversary proceeding number 24-01411-LMI, pending in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"), Ivankovich Family LLC, A&O Family LLC (FL), A&O Family LLC (IL), Atlas P2 Managing Member, LLC, Anthony Ivankovich, and Olga Ivankovich (collectively, the "**Plaintiffs**").

### RECITALS

**WHEREAS,** on January 12, 2026, the Bankruptcy Court entered the *Order Conditionally Dismissing Count Five of the Amended Complaint* (Adv. Docket No. 169) attached hereto as **Exhibit A** (the "**Dismissal Order**").

**WHEREAS,** in accordance with the Dismissal Order, the Plaintiffs consent to the conditions pursuant to Federal Rule of Civil Procedure 41(a)(2) provided in the Dismissal Order.

**NOW, THEREFORE,** in consideration of the covenants, promises, and obligations set forth herein, and for other good and valuable consideration, the sufficiency of which is acknowledged, the Plaintiffs each hereby agree as follows:

**STIPULATION:**

1.      In accordance with the conditions set forth in the Dismissal Order, Plaintiffs each consent (a) to the jurisdiction of the Illinois Divorce Court, for all purposes, to fully address and resolve all issues raised as to ownership, character, and allocation of the Celadon Accounts as set forth in Count Five, including any issue as to whether the Celadon Accounts are marital property, and including whether the relief in Count Five is moot; and (b) to be restricted from asserting any

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Joint Motion to Dismiss Count Five of the Amended Complaint As Moot* (Adv. Docket No. 147).

3

85028689;1

right to seek replacement of the Illinois Divorce Court judges by permanently waiving their substitution of judge as of right, under 735 ILCS 5/2-1001(a)(2) for each Plaintiff.[2]

2.      To the extent that Jeanette seeks any declaratory or other dispositive relief relating to the Celadon Accounts before the Divorce Court, and requests such relief be accorded priority, and to the extent that the Divorce Court considers Plaintiff's input, the Plaintiffs agree that they will not oppose any such request.

3.      The Bankruptcy Court shall retain jurisdiction to hear and determine matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

4.      Each person who executes this Stipulation on behalf of each of the Plaintiffs represents that he or she is duly authorized to execute this Stipulation on behalf of such Plaintiff.

5.      This Stipulation shall become immediately effective upon execution by each and every Plaintiff.

*[Signature Page Follows]*

---

[2]    Nothing herein is intended to restrict any party's right to seek substitution of any judge for cause as that term is understood under Illinois law.

85028689;1

**DATED: January 14, 2026**

**STIPULATED AND AGREED TO BY:**

**Ivankovich Family LLC**

SIGNED:
BY:        NANCY WEBBER
ITS:       MANAGER

**A&O Family LLC (FL)**

SIGNED:
BY:        DR OLGA IVANKOVICH
ITS:       MANAGER

**A&O Family LLC (IL)**

SIGNED:
BY:        NANCY WEBBER
ITS:       MANAGER

**Atlas P2 Managing Member, LLC**

SIGNED:
BY:        NANCY WEBBER
ITS:       MANAGER

**Anthony Ivankovich, INDIVIDUALLY**

SIGNED:

**Olga Ivankovich, INDIVIDUALLY**

SIGNED:

85028689;1

**EXHIBIT A**

85028689;1



**ORDERED in the Southern District of Florida on January 12, 2026.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:

| | |
|---|---|
| IVANKOVICH FAMILY LLC, | Chapter 11 |
| A&O FAMILY LLC (FLORIDA), | Case Nos.:    24-15755-LMI |
| A & O FAMILY LLC (ILLINOIS), and | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC. | 24-15767-LMI |
| | 24-15770-LMI |

Debtors-In-Possession.

_____/

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FLORIDA),                    Adv. Case No.:  24-01411-LMI
A & O FAMILY LLC (ILLINOIS),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

Plaintiffs,
vs.

JEANETTE IVANKOVICH, SCHILLER DUCANTO
& FLECK LLP, AND STEVEN IVANKOVICH,

Defendants.

_____/

## ORDER CONDITIONALLY DISMISSING
## COUNT FIVE OF THE AMENDED COMPLAINT

THIS CAUSE came before the Court for hearing on January 6, 2026, at 2:30 p.m. (the "**Hearing**") upon the *Joint Motion to Dismiss Count Five of the Amended Complaint as Moot*, (the "**Motion**") (ECF #147), Defendant Jeanette Ivankovich and Defendant Schiller DuCanto & Fleck LLP Response to the Motion (the "**Response**") (ECF #164), and Plaintiffs' Reply in Support of the Motion (the "**Reply**") (ECF #165). The Court has reviewed the Motion and the Reply, the Defendants' Response, and other filings and pleadings in the main bankruptcy case, hearing oral argument by the parties attending the Hearing, and for the reasons set forth by the Court at the Hearing including the findings and conclusions supporting this Order, the Court **ORDERS AND ADJUDGES** as follows:

1.      The Motion is GRANTED as modified herein, and pursuant to the conditions imposed by the Court, as announced during the Court's oral ruling at the Hearing, and as set forth below, and contingent upon Plaintiffs' acceptance of the conditions set forth in this Order. Count Five of the Adversary Proceeding is dismissed without prejudice pursuant to Fed. R. Bank. P. 7041 and Fed. R. Civ. P. 41(a)(2), conditioned upon the terms of this Order.

2.      This Order does not make any factual findings or legal conclusions as to whether the relief sought in Count Five of the Adversary Proceeding is moot as the Court finds that the Plan (as defined in and confirmed by the *Order Confirming Debtors' Amended Joint Plan of Reoranization* [Main Case ECF #622]) is, at best, ambiguous, regarding whether the Celadon Accounts were synonymous with the Disputed Claims Reserve. With the exception of any existing plan obligations by the Reorganized Debtors regarding payments to the remaining creditors of the Reorganized Debtors, nothing in this Order may be used to limit or restrict the rights of Jeanette Ivankovich in the Illinois Dissolution of Marriage action to pursue and obtain marital support

2

(alimony), child support, attorneys fees, and any claims of marital interests and to obtain an adjudication as to the ownership of the Celadon Accounts (as defined in the Motion).

3.      If any of the Plaintiffs seek affirmatively or through a counterclaim, crossclaim or a similar procedure, any determination of ownership of the Celadon Accounts in the Illinois Divorce Court (as defined in the Motion) (Case No. 2021 D 9220, Circuit Court, Cook County, Illinois, Domestic Division), or other proceedings, the Plaintiffs shall be obligated as a condition precedent to seeking such relief, to first pay the Jeanette Defendants for any portion of the litigation fees and costs incurred in the adversary proceeding related solely to defense and litigation of Count Five ("Litigation Costs"), subject to a credit for any Litigation Costs incurred in connection with discovery of materials related to Count Five to the use of which Plaintiffs consent by the Jeanette Defendants in other proceedings related to the adjudication of the ownership of the Celadon Accounts. This Court reserves jurisdiction to determine the amount of Litigation Costs, if raised by the Defendants and if the Plaintiffs and Defendants are unable to agree on the amount to be paid pursuant to this Order.

4.      As a condition of the dismissal of Count Five without prejudice, each of the Plaintiffs shall jointly file a stipulation with the Court that stipulates and consents: (a) to the jurisdiction of the Illinois Divorce Court, for all purposes, to fully address and resolve all issues raised as to ownership, character, and allocation of the Celadon Accounts as set forth in Count Five, including any issue as to whether the Celadon Accounts are marital property, and including whether the relief in Count Five is moot;  and (b) to be restricted from asserting any right to seek replacement of the Illinois Divorce Court judges by permanently waiving their substitution of judge as of right, under 735 ILCS 5/2-1001(a)(2) for each Plaintiff.  Nothing herein is intended to restrict any party's right to seek substitution of any judge for cause as that term is understood under

Illinois law.

5.      To the extent that Jeanette seeks any declaratory or other dispositive relief relating to the Celadon Accounts before the Divorce Court, and requests such relief be accorded priority, and to the extent that the Divorce Court considers Plaintiff's input, the Plaintiffs agree that they will not oppose any such request.

6.      As confirmation of the Plaintiffs' consent to these conditions pursuant to Rule 41(a)(2), the Plaintiffs will file a joint stipulation and consent to the conditions set forth in this Order, no later than 5:00 p.m. on January 14, 2026.  If the Plaintiffs decline to timely file such joint stipulation and consent, the Motion shall be and is hereby DENIED and the trial will proceed as scheduled.

# # #

Copy to:
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
predmond@stearnsweaver.com

*(Attorney Redmond is directed to serve a copy of this Order upon all interested parties who do not receive notice by CMECF and to file a Certificate of Service.)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.


By:  /s/ *Eyal Berger*
Eyal Berger, Esq.

85028689;1