**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FL),
A&O FAMILY LLC (IL),
ATLAS P2 MANAGING MEMBER, LLC,

   Reorganized Debtors.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ /

IVANKOVICH FAMILY LLC,
A&O FAMILY LLC (FL),
A&O FAMILY LLC (IL),
ATLAS P2 MANAGING MEMBER, LLC,
ANTHONY IVANKOVICH, and
OLGA IVANKOVICH,

   Plaintiffs,

v.

JEANETTE IVANKOVICH, SCHILLER
DUCANTO & FLECK, LLP, and STEVEN
IVANKOVICH,

   Defendants.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ /

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
   24-15762-LMI
   24-15767-LMI
   24-15770-LMI

Adv. Pro. No. 24-01411-LMI

**REORGANIZED DEBTORS' MOTION TO AWARD COSTS**
**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7026**
**AND 7054 FOR PURPOSES OF PRESERVATION OF SETOFF AND RECOUPMENT**

The above-captioned reorganized debtors (collectively, the "**Debtors**" and, as reorganized,

the "**Reorganized Debtors**")[1], by and through their undersigned counsel, respectfully submit this

motion pursuant to Federal Rule of Bankruptcy Procedure 7026, which incorporates Federal Rule

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion to Disburse (as defined herein).

85428706;5

of Civil Procedure 26, and Federal Rule of Bankruptcy Procedure 7054(b)(1), seeking the award of certain costs funded in connection with prevailing upon certain claims in the above-styled Adversary Proceeding (as defined below) for the purpose of preserving the Reorganized Debtors' setoff and recoupment rights as further detailed herein.

## BACKGROUND

1.     On June 10, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this Court.

2.     On October 17, 2024, the Debtors, along with Anthony Ivankovich and Steven Ivankovich (collectively, the "**Plaintiffs**"), filed their *Complaint for Objection to Claims and Interests of Jeanette Ivankovich and Schiller DuCanto & Fleck LLP, and for Declaratory and Injunctive Relief* (Adv. Docket No. 1), as amended, initiating an adversary case (the "**Adversary Proceeding**") against Jeanette Ivankovich ("**Jeanette**"), Schiller DuCanto & Fleck LLP ("**Schiller**"), and Steven Ivankovich (collectively, the "**Defendants**").

3.     On October 16, 2025, the Reorganized Debtors filed their *Joint Motion for Partial Summary Judgment* in the Adversary Proceeding (Adv. Docket No. 111) (the "**MSJ**"), requesting, among other things, that the Court disallow and expunge Jeanette's amended claims on the bases that they were duplicative and included legal fees not yet awarded by the Illinois Divorce Court. At a hearing held on November 20, 2025 (the "**Hearing**"), the Court found that the filed proofs of claim by Jeanette and Schiller were indeed duplicative and should be disallowed and expunged except for (i) one (1) consolidated proof of claim in favor of Jeanette (the "**Remaining Jeanette Claim**") and (ii) one (1) proof of claim in favor of Schiller (the "**Remaining Schiller Claim**" and, together with the Remaining Jeanette Claim, the "**Remaining Jeanette and Schiller Claims**"). The Court memorialized its judgment from the Hearing in the *Judgment on Counts One, Three, and Seven of Amended Complaint* (Adv. Docket No. 174) (the "**Judgment**") in favor of Plaintiffs and against Defendants, disallowing a total amount of $3,863,484.40 in legal fees alleged in

85428706;5

POC 5-3 pursuant to the Plaintiffs' MSJ, as supplemented.

4.      On December 2, 2025, the Reorganized Debtors filed in the main case the *Reorganized Debtors' Motion for Entry of an Order Authorizing the Reorganized Debtors to Disburse Funds from the Dispute Claim Reserve to Satisfy the Remaining Jeanette and Schiller Claims* (Docket No. 678) (the "**Motion to Disburse**"), which the Court approved by entry of the *Agreed Order Granting Reorganized Debtors' Motion for Entry of an Order Authorizing the Reorganized Debtors to Disburse Funds from the Disputed Claim Reserve to Satisfy the Remaining Jeanette and Schiller Claims* (Docket No. 683) (the "**Disbursement Order**").  The Disbursement Order provided the Reorganized Debtors with authority to disburse funds from the Disputed Claim Reserve to satisfy the Remaining Jeanette and Schiller Claims, and provided that the payment in satisfaction of the Remaining Jeanette and Schiller Claims was subject to setoff and recoupment, in the event that the Illinois Divorce Court later makes a determination there was any overpayment.

## REQUIRED USE OF EXPERT

In the Adversary Proceeding, the Defendants made requests for the Plaintiffs' production of certain documents.  In furtherance of the Defendants' numerous discovery requests, on August 4, 2025, the Defendants filed *Defendants Jeanette Ivankovich's and Schiller's Motion to Compel Production, on an Expedited Basis, of Documents that Plaintiffs and Steven Ivankovich Agreed to Produce* (Adv. Docket No. 96) (the "**Defendants' Motion to Compel**").  In the Defendants' Motion to Compel, the Defendants acknowledged that they served numerous discovery requests on the Debtors, which included:

(1) documents sufficient to evidence the general nature, value and corporate structure of those entities and projects listed on the Debtors' schedules;

(2) K-1 statements to and by the Debtors;

(3) generally, documents reflecting Steven's role and involvement in the Debtors and Debtors' affiliates, including authority over accounts, transfers, use of assets for personal benefit, "capital calls", and the nature and value for Debtors' Affiliates, etc.; and

(4) documents responsive to [requests for production].

85428706;5

*See* Defendants' Motion to Compel at 2.  The information requested by the Defendants included, but was not limited to, documents evidencing the general nature, value and corporate structure of the following entities and projects listed on the Debtors' schedules, including but not limited to: Contessa Marine Research; IMG Marine LLC; Saucer Sled, LLC; Contessa Properties, LLC; Portage Run; Palm Jumeriah; Contessa Realty, LLC; Turtle Way, LLC; Ocean Force Marine, LLC; IGY Trident Services, LLC; HafBorg, Inc.; Intesa Sanpaoloa SPA; KJI Marine Manufacturing, LLC; Lionfish, LLC; Ciovo Project; KJI Marine Manufacturing, LLC; Bequia Fast Ferry Ltd.; Skosk Ltd., PTCG Ptd. Ltd.; and Zus Tennis LLC; in addition to Capital Calls for numerous entities. What is more, by the Defendants' Motion to Compel, the Defendants specifically acknowledged receiveing certain reports from CohnReznick Advisory LLP ("**CohnReznick**") and made a request for CohnReznick's "final report."  In addition, the Defendants sought to take the deposition of CohnReznick as the Plaintiffs' expert witness related to the capitalization of the Debtors and the Debtors' affiliates.

In order for the Plaintiffs to fully comply with the Defendants' numerous discovery requests seeking discovery and deposition testimony from the Debtors' expert, the Reorganized Debtors were required to expend significant sums in having CohnReznick continue drafting their expert report, review all discovery related to their expert report, and prepare for expert deposition.  Defendants also made use of CohnReznick's work product in (i) prosecuting relief in the Divorce Proceeding pending before the Illinois Divorce Court and (ii) as intervenor in the matter styled *Zhu Zhai Holdings Limited and Peter Pui Tak Lee v. Steven Ivankovich*, Case No. 20-cv-4985 (N.D. Ill. 2020) related to asserting an interest in certain colateral of Reorganized Debtor A&O Family, LLC (FL).

## <u>ARGUMENT</u>

### *Federal Rule of Bankruptcy Procedure 7026*

Federal Rule of Bankruptcy Procedure 7026 incorporates Federal Rule of Civil Procedure 26.  *See* Fed. R. Bankr. P. 7026.  Federal Rule of Civil Procedure 26(b)(4)(E) provides

that "the court *must* require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions."  Fed. R. Civ. P. 26(b)(4)(E) (emphasis added); *see also Buehrle v. City of O'Fallon*, Case No. 4:10CV00509AGF at 6–7 (E.D. Mo. Feb. 22, 2012) ("a party is required to pay the reasonable fees for time spent by an expert witness in responding to the party's discovery requests").  Relying on Federal Rule of Civil procedure 26(b)(4)(E), the District Court for the Eastern District of Arkansas held that a defendant was "required to pay the reasonable fees for time spent responding to its discover requests" and granted the requested costs for the plaintiff's expert witness.  *Granjas Aquanova S.A. de C.V. v. House Mfg. Co. Inc.*, No. 3:07-CV-00168-BSM, 2010 WL 4809342, at *4 (E.D. Ark. Nov. 19, 2010).  Finally, the Eighth Circuit in *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, affirmed the District Court's award, among other things, granting plaintiff's expert witness costs under Federal Rule of Civil Procedure 26.  *See* 220 F.3d 898, 905 (8th Cir. 2000) (noting that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision", referencing Federal Rule of Civil Procedure 26(b)(4)(c)(I), which was renumbered as Federal Rule of Civil Procedure 26(b)(4)(E) in the 2010 Amendments to the Federal Rules of Civil Procedure).

The Debtors employed Stuart Neiberg and CohnReznick to serve as their financial advisors to assist with ongoing financial deliverables, which included expert services in their capacity as restructuring financial professionals.  *See* Docket No. 98.  In connection with the Defendants' requests for discovery, including among other things, tracing the identification, dispatch, and uses of certain funds (the "**Tracing**"), CohnReznick, as experts for the Debtors, prepared reports and a "final report" regarding the Tracing.  While CohnReznick conducted many other services and investigations in connection with the Defendants' discovery requests, the Reorganized Debtors limited this request for costs to include only those services narrowly tailored to the Defendants'

85428706;5

discovery requests attached hereto as **<u>Exhibit A</u>** (the "**CR Adversary Costs**").[2]  The Reorganized

Debtors did not include any time entries related to CohnReznick's services in the main bankruptcy

cases concerning confirmation issues.

***Federal Rule of Bankruptcy Procedure 7054***

While not typically utilized to permit allowance of expert fees, Federal Rule of Bankruptcy

Procedure 7054(b)(1) allows courts to award "costs to the prevailing party except when a statute of

the Untied States or these rules otherwise provides."  Fed. R. Bankr. P. 7054(b)(1).  28 U.S.C. §

1920 includes as allowable costs "[c]ompensation of court appointed experts, compensation of

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title."  28 U.S.C. § 1920 (6).  In *Yormak*, the Bankruptcy Court for the Middle District

of Florida noted that "[a]lthough courts have discretion to award costs under Rule 7054(b) and

§ 1920, there is a strong presumption in favor of an award of costs to the prevailing party absent an

affirmative showing by the losing party that the costs fall outside the parameters of § 1920, were not

reasonably necessary to the litigator, or that the losing party is unable to pay."  632 B.R. 869 (Bankr.

M.D. Fla. 2021) (internal citations and quotations omitted).

In this case, the Reorganized Debtors are not seeking a payment by the Defendants in

connection with the charges incurred for expert witness services; instead, the Reorganized Debtors

are seeking to preserve their rights of setoff and recoupment in the amount of the CR Adversary

Costs that can be applied against any prior payments made by the Reorganized Debtors related to

the Remaining Jeanette and Schiller Claims so that the same may be refunded under the terms of the

Disbursement Order.  The failure to preserve the Reorganized Debtors' setoff and recoupment rights

with respect to the CR Adversary Costs would result in unjust enrichment to the Defendants, who

---

[2]    <u>Exhibit A</u> reflects a summary of the CR Adversary Costs.  Upon request, the Reorganized Debtors will make available the detailed time entries of the CR Adversary Costs.

85428706;5

would receive the benefit of expert analysis and reporting without bearing the reasonable costs associated with their own discovery demands, as prescribed by the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Reorganized Debtors respectfully request this Court enter an order awarding Reorganized Debtors the CR Adversary Costs in the amount of $443,973.00 as a setoff or recoupment claim against the Remaining Jeanette and Schiller Claims and any other claims raised in the Divorce Proceeding, and to grant any further relief as the Court deems just and proper.

Dated: February 13, 2026                             Respectfully submitted,

By: */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar No: 011069
eyal.berger@akerman.com
**AKERMAN LLP**
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida  33301
Tel: (954) 463-2700
Fax: (954) 463-2224

*Attorneys for Plaintiffs/Reorganized Debtors*

85428706;5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

By: /s/ *Eyal Berger*
Eyal Berger, Esq.

85428706;5