**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Case Nos.:    24-15755-LMI |
| IVANKOVICH FAMILY LLC | |
| A&O FAMILY LLC (FL) | (Jointly Administered) |
| A&O FAMILY LLC (IL) | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15767-LMI |
| | 24-15770-LMI |
| Debtors. | |
| _____/ | |
| | |
| IVANKOVICH FAMILY LLC, et al., | |
| | |
| Plaintiffs, | |
| | |
| vs. | Adv. Pro. No.: 24-01411-LMI |
| | |
| JEANETTE IVANKOVICH, et al., | |
| | |
| Defendants. | |
| _____/ | |

**JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK'S**
**OBJECTION TO REORGANIZED DEBTORS' BILL OF COSTS**

Defendants Jeanette Ivankovich ("Jeanette") and Schiller DuCanto & Fleck LLP

("Schiller") (collectively, "Defendants"), by and through undersigned counsel, submit this

Objection to the Bill of Costs [Adv. ECF 182], filed by Reorganized Debtors Ivankovich Family

LLC, A&O Family LLC (Florida), A&O Family LLC (Illinois), and Atlas P2 Managing Member

LLC (collectively, "Reorganized Debtors"). In further support thereof, Defendants state as

follows:

**A.    The Court Did Not Award Costs to Reorganized Debtors**

Defendants object to the Bill of Costs in its entirety because the *Judgment on Counts One,*

*Three, and Seven of Amended Complaint* ("Judgment") [Adv. ECF 174] – which Reorganized

Debtors rely upon as the basis for the requested costs – does not award costs to Reorganized Debtors. *See* S.D. Fla. Bankr. Local Rule 7054-1(A) ("The clerk shall tax costs only where the judgment entered by the court specifically awards costs to the prevailing party."). S. D. Fla. Bankruptcy Local Rule 8021-1 is inapplicable because Reorganized Debtors did not initiate any appeal related to this Adversary Proceeding.

**B.      Reorganized Debtors are Not "Prevailing" Parties**

Defendants object to the Bill of Costs in its entirety because Reorganized Debtors are not "prevailing" parties in this Adversary Proceeding. *See* S.D. Fla. Bankr. Local Rule 7054-1(A) (costs only taxed if judgment "specifically awards costs *to the prevailing party*") (emphasis added). Reorganized Debtors have not asserted, nor demonstrated, how they could be prevailing parties. Rather, it was Defendants who prevailed on the Reorganized Debtors' challenges to the Defendants' claims, with the Reorganized Debtors agreeing to payments in excess of $1.5 million dollars, plus monthly payments under the Confirmed Plan (all for maintenance, support, attorneys fees, and expert fees, asserted in the Defendants' proofs of claim). *See e.g.* [Bankr. ECF 683] (Case No. 24-15755-LMI) (agreed order to disburse funds to satisfy Jeanette and Schiller claims). Further, the Court dismissed or abstained from Counts II, IV, and VI of the Adversary Complaint [*see* Adv. ECF 60], denied Plaintiffs' Joint Motion for Abstention from Adjudicating Counts 1, 3, 5 and 7 of the Amended Adversary Complaint [*see* Adv. ECF 139]; and denied in part Plaintiffs' *Joint Motion for Partial Summary Judgment* [*see* Adv. ECF 155] which, among other relief, rejected Reorganized Debtors' request for summary judgment as to the Defendants' claims for certain fees, spousal maintenance, and child support awarded to Jeanette and against Steven in the Illinois state court divorce proceeding, and permitted Jeanette to seek alter ego or other relief, including additional attorneys fees that may be awarded by the Illinois state court divorce

proceeding against any non-Debtor entities. Further, Reorganized Debtors sought to dismiss their remaining claims only after confronted with the Defendants' court filings presenting more compelling evidence of Steven's control, use and benefit from funds transferred into and transferred from the Celadon accounts, and later accept the Court's conditional dismissal of Count 5 of the Amended Adversary Complaint Adv. [*see* ECF 182]. *See Royal Palm Props., LLC v. Pink Palm Props.*, LLC, 38 F.4th 1372, 1373 (11th Cir. 2022) ("[T]he district court properly found that neither party was the prevailing party. And, because it did not meet the threshold requirement of prevailing party status, Pink Palm was rightly denied costs under Rule 54."). Accordingly, Reorganized Debtors do not meet the threshold as a "prevailing" party to recover costs.

**C.      Reorganized Debtors' Requested Costs are Not Recoverable**

Even if Reorganized Debtors could have demonstrated they were the prevailing party, the district court is vested with the discretion to determine that there are good reasons for denying costs. *See Rodriguez v. Costco Wholesale Corp.*, No. 22-CV-22255, 2024 WL 808977, at *2 (S.D. Fla. Jan. 11, 2024). It is Reorganized Debtors' burden to submit a request that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness. *Id.* at *1. The Court can also exercise its discretion if there is a showing that an award would be inequitable under the circumstances, including clear proof of dire financial circumstance. *See George v Fla. Dept. of Corrections*, 2008 WL 2571348, at *7-8 (S.D. Fla. May 23, 2008). Accordingly, the Court should exercise its discretion and deny Reorganized Debtors' requested costs because Jeanette's ongoing financial burden is directly attributed to Steven's continued refusal to pay basic support and maintenance, Steven's refusal to account for and turnover Jeanette's share of the marital estate, as well as Reorganized Debtors' (emotionally and economically) draining bankruptcy, which led Jeanette to incur well over $2 million dollars in

3

attorneys' fees and costs. Imposing a further cost burden on Jeanette would be fundamentally unfair and create a windfall for Reorganized Debtors. Nonetheless, Defendants address Reorganized Debtors' specific requested costs in turn:

### 1.     Fees of the Clerk

Reorganized Debtors are not entitled $350.00 for "[f]ees of the clerk," because, as noted above, the Judgment did not award costs to Reorganized Debtors, *see* S.D. Fla. Bankr. Local Rule 7054-1(A), and the full filing fee should not be recoverable where most of the counts of the complaint were resolved in the Defendants' favor, with dismissal, abstention, and a payment of the Defendants' claims.

### 2.     Court Reporter Fees

Defendants object to Reorganized Debtors' request for $817.35 in "[f]ees of the court reporter for any and all part of the transcript necessarily obtained for use in the case," because the *Guidelines for Taxation of Costs by the Clerk* only allow for the "[t]he costs of the original of a trial transcript, daily transcript . . . and of a transcript of matters prior or subsequent to trial" when (1) "requested by the court. Mere acceptance for filing does not constitute a request," 2) "at trial stage when, prior to incurring expense, the court determines that it is necessary," 3) "prepared pursuant to stipulation of parties with agreement to tax as costs," and 4) "when used on appeal." Reorganized Debtors fail to satisfy any of these factors.

Moreover, Reorganized Debtors' fail to distinguish between the amounts for court reporters or any transcripts, let alone identify the dates for the services or whether the deposition costs were incurred for "counsel's convenience." *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012), report and recommendation adopted, No. 10-21031-CIV, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012) ("Deposition costs

4

incurred merely for counsel's convenience, however, are not taxable.").

### 3.    Postage and Copy Charges for Service of Pleadings

Defendants object to Reorganized Debtors' request for $1,501.97 in "[o]ther costs" for "postage and copy charges for service of pleadings." As an initial matter, the *Guidelines for Taxation of Costs by the Clerk* does not provide for recovery of such categories of charges. Moreover, "postage costs . . . are not recoverable." *See Guetzloe Group, Inc. v. Mask*, No. 6:06-CV-404ORL22JGG, 2007 WL 2479335, at *4 (M.D. Fla. Aug. 28, 2007) (rejecting request for postage costs sought under 28 U.S.C. § 1920); *Park v. Am. Services of Cent. Florida, Inc.*, No. 6:06CV882ORL22UAM, 2007 WL 1626349, at *6 (M.D. Fla. June 5, 2007) (same). Further, Reorganized Debtors fail to show that the "copy charges" were "necessarily obtained for use in the case" because they do not provide any information to "determine whether the rates paid for copies were reasonable." *See Garcia v. A K S Cartage Corp.*, No. 17-22099-CIV, 2018 WL 11406251, at *3 (S.D. Fla. Nov. 28, 2018) (rejecting request for $376.60 in costs for "exemplification and copies" because movant "failed to provide details regarding those copying costs").

### D.    Reservation of Rights

Defendants reserve the right to supplement or amend this Objection as necessary or as further information becomes available. Further, to the extent that the clerk taxes any costs in favor of Reorganized Debtors, any awarded amounts should be setoff or reduced by any benefit to or amounts that should be borne by Anthony Ivankovich, Olga Ivankovich, or Steven Ivankovich.

5

Dated: February 27, 2026

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND
    Florida Bar No. 303739
    predmond@stearnsweaver.com
    DARRELL PAYNE
    Florida Bar No. 773300
    dpayne@stearnsweaver.com
    RYAN M. WOLIS
    Florida Bar No. 1019034
    rwolis@stearnsweaver.com

*Counsel for Defendants Jeanette Ivankovich and Schiller DuCanto & Fleck LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system upon counsel or parties who are authorized to receive NEF in this case.

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND

6

**SERVICE LIST**
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-01411-lMI**

The following parties are registered to receive NEF and will be served electronically through the Court's CM/ECF system:

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltann
enbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
and on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com

Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
and on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com