**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| IVANKOVICH FAMILY LLC | Case Nos.:    24-15755-LMI |
| A&O FAMILY LLC (FL) | (Jointly Administered) |
| A&O FAMILY LLC (IL) | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15767-LMI |
| | 24-15770-LMI |
| Debtors. | |

_____/

IVANKOVICH FAMILY LLC, et al.,

      Plaintiffs,

vs.

                              Adv. Pro. No.: 24-01411-LMI

JEANETTE IVANKOVICH, et al.,

      Defendants.

_____/

### JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK'S RESPONSE IN OPPOSITION TO REORGANIZED DEBTORS' MOTION TO AWARD COSTS

Defendants Jeanette Ivankovich ("Jeanette") and Schiller DuCanto & Fleck LLP ("Schiller") (collectively, "Defendants"), by and through undersigned counsel, submit this Response in Opposition to the _Reorganized Debtors' Motion to Award Costs Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7054 for Purposes of Preservation of Setoff and Recoupment_ [Adv. ECF 183] ("Motion"), filed by Debtors Ivankovich Family LLC, A&O Family LLC (Florida), A&O Family LLC (Illinois), and Atlas P2 Managing Member LLC (collectively, "Reorganized Debtors"). In further support thereof, Defendants state as follows:

### INTRODUCTION

Reorganized Debtors seek recovery from Jeanette and Schiller for over $443,000 of CohnReznick's expert fees, even though: CohnReznick did not appear for a deposition in this

adversary proceeding, Reorganized Debtors never agreed to a date for any CohnReznick deposition, and Reorganized Debtors ultimately withheld production of the CohnReznick files, and other discovery. Importantly, Reorganized Debtors identify no expert deposition subpoena in the adversary proceeding that could have been the cause of all these excessive expert fees. As addressed below, Federal Rule of Civil Procedure 26(b)(4)(E) governs the payment of fees *for expert deposition discovery* and cannot be expanded to cover any and all expert fees that Reorganized Debtors strategically decided to incur, whether for "Tracing" reports (prepared for settlement purposes), or consulting during the adversary proceeding, or in connection with discovery directed at Reorganized Debtors or other parties. Reorganized Debtors fare no better under Federal Rule of Bankruptcy Procedure 7054 because they are not "prevailing" parties in this Adversary Proceeding, and expert fees (not court appointed) are not amongst the costs allowed by 28 U.S.C. §1920(6). Accordingly, the Court should summarily deny Reorganized Debtors' Motion [Adv. ECF 183].

## **ARGUMENT**

### I.     **Reorganized Debtors Are Not Entitled to Recover Expert Fees Under Federal Rule of Bankruptcy Procedure 7026**

Reorganized Debtors seek to recover CohnReznick's expert fees under Federal Rule of Civil Procedure 26(b)(4)(E) (made applicable by Federal Rule of Bankruptcy Procedure 7026). Mot. at 4-6. However, Rule 26 "governs the payment of fees *for an expert's deposition* who may testify at trial." *Nogara v. Lynn Law Office P.C.*, No. 22-23142-CIV, 2024 WL 991786, at *2 (S.D. Fla. Feb. 21, 2024), *report and recommendation adopted*, No. 22-23142-CIV, 2024 WL 986469 (S.D. Fla. Mar. 7, 2024) (emphasis added); *see also Young v. Liberty Mut. Group Inc.*, No. CV-12-02302-PHX-JAT, 2015 WL 12669890, at *1 (D. Ariz. Jan. 8, 2015) ("Significantly, the scope of compensable expert activities was narrowed by the 2007 amendments to the Federal Rules of

Civil Procedure. Before the 2007 amendments, experts were required to be compensated for their time responding to *any* Rule 26(b) discovery request. The 2007 amendment, however, changed the Rule's broad language and specifically provided for expert witness compensation only for discovery conducted pursuant to Rule 26(B)(4)(A)—depositions.") (emphasis in original); § 2034 Expert Witnesses—Fees of Expert Witnesses, 8A Fed. Prac. & Proc. Civ. § 2034 (3d ed.) ("When a deposition is taken, however, the rule directs that the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery.") (internal quotation omitted).

The clear language of Rule 26(b)(4)(E) limits payment of expert fees "for the time spent responding to discovery under Rule 26(b)(4)(A);"[1] and Rule 26(b)(4)(A) explicitly refers only to an expert deposition. Rule 26 simply does not provide any possible basis for recovery of expert fees in connection with other discovery, document requests to other entities, or independent reports and analysis requested by Reorganized Debtors.

In support of the Motion, Reorganized Debtors conceded that they "employed Stuart Neiberg and CohnReznick to serve as their financial advisors to assist with ongoing financial deliverables, which included expert services in their capacity as restructuring financial professionals." Mot. at 5. In addition to reviewing Reorganized Debtors' financials and overseeing monthly operating reports, CohnReznick began work on tracing and other reports in connection with possible settlement efforts in the late fall of 2024. CohnReznick began this work well before there was any discovery in the main case or the adversary proceeding. The Motion explicitly seeks recovery of fees relating to these "Tracing" reports, as well as discovery that necessarily relates to requests propounded directly to Reorganized Debtors and other entities. *See* Mot. at 5

---

[1] As demonstrated below, Rule 26(b)(4)(D) does not apply because CohnReznick was not a non-testifying expert.

("In connection with the Defendants' requests for discovery, including among other things, tracing the identification, dispatch, and uses of certain fund (the 'Tracing'), CohnReznick, as experts for the [Reorganized] Debtors, prepared reports and a 'final report' regarding the Tracing."). Any strategic decision by Reorganized Debtors to use or direct CohnReznick to assist with other non-expert discovery, settlement reports, Tracing reports, or other purposes, does not fall within the ambit of Rule 26. On the other hand, Rule 26 allows only for recovery of reasonable fees incurred by CohnReznick to prepare for and attend expert deposition (which ultimately never took place) and not exorbitant amounts to either gather documents responsive to discovery requests directed to Reorganized Debtors themselves or to prepare various expert reports (which have yet to be produced). *Nogara*, 2024 WL 991786, at *2; *Young*, 2015 WL 12669890, at *1. None of the activity described in the Motion has been demonstrated to be "time spent responding to" an expert deposition subpoena in this adversary. *See* Rule 26(b)(4)(A) and Rule 26(b)(4)(E). Even if expert fees were recoverable in connection with discovery directed to Reorganized Debtors and others – and they are not recoverable – Reorganized Debtors do not even bother to try to explain why such discovery "required the use of experts."

### A.    Reorganized Debtors May Not Recover Expert Fees for Discovery Directed to Reorganized Debtors

First, Reorganized Debtors seek to recover as a setoff CohnReznick's expert "fees for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Mot. at 5.  However, Reorganized Debtors ask the Court to expand Rule 26 and essentially seek all amounts that Reorganized Debtors asking CohnReznick to assist Reorganized Debtors to respond to discovery requests directed to unidentified persons and entities (likely, Reorganized Debtors) – and not CohnReznick. Such attempt to expand the scope of Rule 26 is improper and ignores that Rule 26 governs "fees for an expert's deposition." *Nogara*, 2024 WL 991786, at *2.

4

Importantly, "there is no provision" in Rule 26 "for payment of the expert's fees for preparation of a report or the rather extensive other information required to be disclosed under Rule 26(a)(2)." § 2034 Expert Witnesses—Fees of Expert Witnesses, 8A Fed. Prac. & Proc. Civ. § 2034 (3d ed.); *Kohn v. Glenmede Tr. Co., N.A.*, No. 1:19-CV-1352, 2019 WL 7372320, at *6 (N.D. Ohio Dec. 31, 2019) ("Because researching and drafting an expert report is part-and-parcel to Hewitt's employment as an expert witness for Kohn, undertaking such activities is not 'time spent in responding to discovery' in relation to the defendants' deposition subpoena."). Therefore, any time spent drafting the Tracing reports (whether as part of settlement negotiations in early 2025, or later), or revising and finalizing the reports, is simply not recoverable.

Reorganized Debtors have made no showing that the time sought relates solely to preparation for an expert deposition.  In fact, Reorganized Debtors did not append or produce any time records and have not identified the time periods during which the fees were incurred, much less the particular days and tasks involved. This information is, of course, readily available because CohnReznick has sought this Court's blessing for payment of its fees by Reorganized Debtors. Instead, Reorganized Debtors offer  a "Summary of Professional and Paraprofessionals Fees and Exhibits" – attached to the Motion at Exhibit A – showing boilerplate entries for nine (9) timekeepers who expended 1,004 for "services narrowly tailored to the Defendant discovery requests[.]" Mot. at 5-6. Reorganized Debtors do not identify or provide specific timesheets documents any work, and in any event, such amounts are clearly not solely for deposition preparation or attendance.

Rather, it appears that the expert fees may have been incurred in connection with discovery unrelated to any CohnReznick deposition. In particular, the discovery motion referenced in the Motion, filed on August 4, 2025, was a *Motion to Compel Production, on an Expedited Basis,*

5

*of Documents that Plaintiff and Steven Ivankovich Agreed to Produce* [Adv. ECF 96], pursuant to Federal Rule of Civil Procedure 37, seeking an order requiring the expedited production of documents that Reorganized Debtors, Anthony Ivankovich, Olga Ivankovich, and Steven Ivankovich agreed to produce, including for discovery that Reorganized Debtors including key categories of documents, including 1) "documents sufficient to evidence the general nature, value and corporate structure of those entities and projects listed on the Debtors' schedules;" 2) "K-1 statements to and by the Debtors;" 3) "generally, documents reflecting Steven's role and involvement in the Debtors and Debtors' affiliates, including authority over accounts, transfers, use of assets for personal benefit, 'capital calls', and the nature and value for Debtors' Affiliates, etc.;" and 4) "documents responsive to the 3rd RFP."

That discovery was directed to Reorganized Debtors (and Plaintiffs as a whole) and Reorganized Debtors cannot label those amounts as expert time to "respond to discovery" relating to an expert deposition in contravention of Rule 26, as such request would have a chilling effect on Defendants from seeking relevant discovery. Revealingly, Reorganized Debtors provide no legal authority for the remarkable proposition that when a party chooses to use an expert to assist in complying with the *party's discovery obligations*, the expert fees are recoverable under Rule 26(b)(4)(E). There is no explanation as to why experts could have been required to respond to basic requests to produce the types of documents described in the Motion.

Moreover, Reorganized Debtors' own cited law reinforces this basic limitation of recoverable fees under Rule 26. For example, the court in *Buehrle v. City of O'Fallon*, No. 4:10CV00509AGF, 2012 WL 579473, at *3 (E.D. Mo. Feb. 22, 2012), awarded $1,462.50 in expert witness fees for "responding to the party's discovery requests," which included only fees "associated with Defendant's deposition of Plaintiff's expert witness." In *Granjas Aquanova S.A.*

*de C.V. v. House Mfg. Co. Inc.*, No. 3:07-CV-00168-BSM, 2010 WL 4809342, at *4 (E.D. Ark. Nov. 19, 2010), the court awarded $1,820.00 for "time spent responding to . . . discover (sic) requests" under Federal Rule of Civil procedure 26(b)(4)(E), which included only "reimbursement for the hourly fees charged by Lyman Scribner for preparing and attending the deposition noticed by House." Finally, *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) does not address, let alone mention, the type of discovery sought.

### B. Reorganized Debtors May Not Recover CohnReznick's Fees Under Rule 26(b)(4)(D)

Rule 26(b)(4)(D) does not provide any basis for recovery of expert fees. Stuart Neiberg (of CohnReznick) was designated as Plaintiffs' testifying expert [see Adv. ECF 102] – not a non-testifying expert – and Rule 26(b)(4)(D) only applies when discovery is sought from an expert "who is not expected to be called as a witness at trial," and, therefore, only engaged to prepare for trial. *See* Fed. R. Civ. P. 26(b)(4)(D). The rule is specifically titled "Expert Employed Only for Trial Preparation." Defendants never filed a motion under Rule 26(b)(4)(D) to show the exceptional circumstances necessary to obtain discovery from a non-testifying expert. Rule 26(b)(4)(D) is completely inapplicable as any basis to recover fees.

### C. CohnReznick's Expert Fees are Not Reasonable and Would Result in "Manifest Injustice"

Next, CohnReznick's requested fees of $443,973.00 for nine (9) timekeepers are patently unreasonable and lack any indicia of reliability. "When determining a reasonable fee, a balance is necessary between enabling a party to attract competent experts and ensuring that the inquiring party 'will not be unfairly burdened by excessive ransoms which produce windfalls for [the other party's] experts.'" *Nogara*, 2024 WL 991786, at *2. "Common factors courts consider in evaluating the reasonableness of expert deposition fees include (1) the witness's area of expertise; (2) the education and training required to provide the expert's insight which is sought;

(3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26." *Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984CIVRYSKAMP, 2007 WL 842130, at *1 (S.D. Fla. Mar. 20, 2007). However, "[a]s a general rule, the party seeking reimbursement of deposition fees bears the burden of proving reasonableness," and "courts have ultimate authority to 'reduce experts' fees when those fees are found to be excessive." *Nogara*, 2024 WL 991786, at *2. In determining reasonableness, "the ultimate goal must be to calibrate [a] balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." *Fraser v. AOL LLC*, No. 306CV954J20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008).

Here, Reorganized Debtors fail to meet their burden of establishing the reasonableness of CohnReznick's fees because, as noted above, Reorganized Debtors offer no invoices, timesheets, or descriptions of specific completed to prepare for deposition, yet seek payment for 1,004 hours of work. *See Nogara*, 2024 WL 991786, at *5 ("Mr. Burlington's invoice does not sufficiently detail the time he spent on each task in preparation for his deposition in this matter. Indeed, Mr. Burlington's time entries include 'block billing,' which is the disfavored practice of including multiple distinct tasks within the same time entry without specifying the amount of time spent on each task."). Moreover, CohnReznick's fees – which total almost half a million dollars – "would create an undue hardship" for Defendants, as any setoff or recoupment would ultimately diminish any remaining funds, which are already depleting (and continue to diminish).

8

*De Fernandez v. Seaboard Marine*, Ltd., No. 20-25176-CIV, 2023 WL 2692418, at *2 (S.D. Fla. Mar. 13, 2023), *report and recommendation adopted*, No. 20-CV-25176, 2023 WL 2682307 (S.D. Fla. Mar. 29, 2023).

## II.    Reorganized Debtors Are Not Entitled to Expert Fees Under Federal Rule of Bankruptcy Procedure 7054

Reorganized Debtors also seek to recover CohnReznick's expert fees as a setoff under Federal Rule of Bankruptcy Procedure 7054 which allows a "prevailing party" to recover costs "unless a federal statute or [the Federal Rules of Bankruptcy Procedure] provide otherwise." Fed. R. Bankr P. 7054(b)(1). However, Rule 7054 does not provide an avenue for Reorganized Defendants to recover expert fees because they did not "prevail" in this Adversary Proceeding, and in any event, Stuart Neiberg (and CohnReznick) are not court-appointed experts.

### A.    Reorganized Debtors are Not "Prevailing" Parties

Federal Rule of Bankruptcy Procedure 7054 allows only a "prevailing party" to recover costs, Fed. R. Bankr P. 7054(b)(1), but Reorganized Debtors are not prevailing parties and the Court's Judgment [Adv. ECF 174] did not award any costs.  Where as here, at best, Reorganized Debtors might be able to show that both parties were successful on some portion of their claims, and the parties effectively "tie," the Court has discretion to find no prevailing party for purposes of costs and fees. *Royal Palm Properties, LLC v. Pink Palm Properties, LLC* 38 F.th 1372, 1382 (11th Cir. 2022); *see also Pennington v. CGH Techs., Inc.*, No. 6:19-CV-2056-PGB-EJK, 2022 WL 4126172, at *2 (M.D. Fla. Jan. 13, 2022) ("[P]urely technical victories, and other de minimis successes . . . may not suffice to confer prevailing party status."). Even if there is a prevailing party, a court may, in its discretion, decline to award costs as long as it has a "sound basis for doing so" including consideration of a "non-prevailing party's financial status." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) ("We hold that a non-prevailing

party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d).").

Here, Defendants prevailed on the most important and consequential claims in the case. Defendants prevailed on Reorganized Debtors' challenges to Defendants' claims, with Reorganized Debtors agreeing to payments in excess of $1.5 million dollars, plus monthly payments under the Confirmed Plan (all for maintenance, support, attorneys fees, and expert fees, asserted in Defendants' proofs of claim). *See e.g.* [Bankr. ECF 683] (Case No. 24-15755-LMI) (agreed order to disburse funds to satisfy Jeanette and Schiller claims). Further, the Court dismissed or abstained from Counts II, IV, and VI of the Adversary Complaint [*see* Adv. ECF 60], denied Plaintiffs' Joint Motion for Abstention from Adjudicating Counts 1, 3, 5 and 7 of the Amended Adversary Complaint [*see* Adv. ECF 139]; and denied in part Plaintiffs' *Joint Motion for Partial Summary Judgment* [*see* Adv. ECF 155] which, among other relief, rejected Reorganized Debtors' request for summary judgment as to Defendants' claims for certain fees, spousal maintenance, and child support awarded to Jeanette and against Steven in the Illinois state court divorce proceeding, and permitted Jeanette to seek alter ego or other relief, including additional attorneys' fees that may be awarded by the Illinois state court divorce proceeding against any non-Debtor entities.

On December 2, 2025, Reorganized Debtors filed a Motion for Entry of an Order Authorizing Reorganized Debtors to Disburse Funds from the Disputed Claim Reserve to Satisfy the Remaining Jeanette and Schiller Claims [Bankr. ECF 678], to seek Court authority to loan funds to Steven to be used to pay and satisfy the Remaining Jeanette and Schiller Claims ("Motion to Disburse"). Importantly, only after the Court's summary judgment ruling did Reorganized Debtors pay out those amounts.

10

Thereafter, Reorganized Debtors moved to voluntarily dismiss Count 5 of the Amended Adversary Complaint after subjecting Defendants to more than 14 months of litigation in this Adversary Proceeding and after successfully delaying efficient resolution of issues relating to the Celadon accounts by the Illinois Divorce Court. [*see* Adv. ECF 147]. Reorganized Debtors sought to dismiss their remaining claims only after confronted with Defendants' recent court filings presenting more compelling evidence of Steven's control, use and benefit from funds transferred into and transferred from the Celadon accounts. *See* Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [*see* Adv. ECF 134] (documenting millions of dollars of transfers from Celadon accounts, payments to Steven's girlfriend, Steven's access to and use of luxury yachts, Steven's luxury Trump Tower apartment, payments to Steven's attorneys, Steven's control or ownership of luxury Copper Mountain home (through Saucer Sled, LLC), Steven's use of Debtor accounts for personal deposits, etc.).

The Court only allowed Reorganized Debtors to dismiss Count 5 of the Amended Adversary Complaint with the caveat that if any of the Plaintiffs seek "affirmatively or through a counterclaim, crossclaim or a similar procedure, any determination of ownership of the Celadon Accounts in the Illinois Divorce Court (as defined in the Motion) (Case No. 2021 D 9220, Circuit Court, Cook County, Illinois, Domestic Division), or other proceedings, the Plaintiffs shall be obligated as a condition precedent to seeking such relief, to first pay the Jeanette Defendants for any portion of the litigation fees and costs incurred in the adversary proceeding related solely to defense and litigation of Count Five ('Litigation Costs'), subject to a credit for any Litigation Costs incurred in connection with discovery of materials related to Count Five to the use of which Plaintiffs consent by the Jeanette Defendants in other proceedings related to the adjudication of the ownership of the Celadon Accounts." [*see* Adv. ECF 169]. Defendants achieved substantial

11

protection when the Court's conditional dismissal of the remaining Count 5 of the Amended Adversary contained specific conditions and clear language protecting Jeanette's rights to recovery in divorce court. Importantly, the Court did not preclude Defendants from obtaining any and all attorneys fees incurred by reason of the bankruptcy; it only concluded that the divorce court was the best forum for that dispute.

Reorganized Debtors have not asserted, nor demonstrated, how they could be prevailing parties. Reorganized Debtors – despite the Judgment entered in their favor on certain counts of the Amended Adversary Complaint – did not in fact "prevail" in this Adversary Proceeding and are, therefore, barred to recover any costs or fees under Federal Rule of Bankruptcy Procedure 7054.

**B.    Expert Fees Are Precluded Because Reorganized Debtors Voluntarily Hired CohnReznick**

Nevertheless, in the event the Court finds that Reorganized Debtors are prevailing parties, Reorganized Debtors may not tax as costs the fees paid to its own expert witnesses, absent contractual or statutory authority to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920.") (citation omitted). Therefore, a court may not award costs under Federal Rule of Bankruptcy Procedure 7054 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

Relevant here, 28 U.S.C. § 1920 only allows for recovery of "Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920. CohnReznick does not fall under any of those categories. Moreover, Reorganized Debtors' cited case of *In re Yormak*,

632 B.R. 869, 873-74 (Bankr. M.D. Fla. 2021), supports Defendants' position because that court found that expert fees were not taxable for a "non-court appointed expert."

## III.    Reservation of Rights

Defendants reserve the right to supplement or amend this Response as necessary or as further information becomes available. Further, to the extent that the Court awards any costs or fees in favor of Reorganized Debtors, any awarded amounts should be setoff or reduced by any benefit to or amounts that should be borne by Anthony Ivankovich, Olga Ivankovich, or Steven Ivankovich.

## CONCLUSION

For the aforementioned reasons, Reorganized Debtors fail to establish any entitlement to recover as a set off or recoupment any requested fees or costs for CohnReznick's expert services under Federal Rules of Bankruptcy Procedure 7026 or 7054. Accordingly, the Court should deny the Motion [Adv. ECF 183] in its entirety and grant all such other relief as the Court deems just and proper.

Dated: February 27, 2026

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.


By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND, FBN 303739
    predmond@stearnsweaver.com
    DARRELL PAYNE, FBN 773300
    dpayne@stearnsweaver.com
    RYAN M. WOLIS, FBN 1019034
    rwolis@stearnsweaver.com

*Counsel for Defendants Jeanette Ivankovich and*
*Schiller DuCanto & Fleck LLP*

13

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on February 27, 2026 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system which caused same to be served upon counsel and parties authorized to receive NEF's in this case.

By: /s/ *Patricia A. Redmond*
PATRICIA A. REDMOND

## SERVICE LIST
### United States Bankruptcy Court, Southern District of Florida
### Case No. 24-01411-lMI

The following parties are registered to receive NEF and will be served electronically through the Court's CM/ECF system:

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com


Michael S. Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltann
enbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com


Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com


David L. Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
and on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com


Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
and on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com

15