**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Case Nos.:   24-15755-LMI |
| IVANKOVICH FAMILY LLC | |
| A&O FAMILY LLC (FL) | (Jointly Administered) |
| A&O FAMILY LLC (IL) | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15767-LMI |
| | 24-15770-LMI |
| Debtors. | |
| _____/ | |
| | |
| IVANKOVICH FAMILY LLC, et al., | |
| | |
| Plaintiffs, | |
| vs. | Adv. Pro. No.: 24-01411-LMI |
| | |
| JEANETTE IVANKOVICH, et al., | |
| | |
| Defendants. | |
| _____/ | |

**JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK'S SUPPLEMENT**
**IN FURTHER SUPPORT OF OPPOSITION TO**
**REORGANIZED DEBTORS' MOTION TO AWARD COSTS**

Defendants Jeanette Ivankovich and Schiller DuCanto & Fleck LLP (collectively, "Defendants"), submit this supplement in further support of their *Response in Opposition* [Adv. ECF 187] to the *Reorganized Debtors' Motion to Award Costs Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7054 for Purposes of Preservation of Setoff and Recoupment* [Adv. ECF 183] ("Motion"), filed by Debtors Ivankovich Family LLC, A&O Family LLC (Florida), A&O Family LLC (Illinois), and Atlas P2 Managing Member LLC (collectively, "Reorganized Debtors"), to address the underlying itemized CohnReznick time entries only recently identified by the Reorganized Debtors. In support, Defendants state:

The itemized CohnReznick time entries demonstrate that none of the CohnReznick fees

involve time spent during testimony at an expert deposition of CohnReznick, as required by Rule

26(b)(4)(E) and Rule 26(b)(4)(A). *See* Time Entries for the "CR Adversary Costs" (recently

provided by Reorganized Debtors), attached as **Exhibit A**.[1] None of the time entries reference any

deposition preparation; no CohnReznick deposition was noticed or actually took place in this

adversary proceeding. The actual time entries are completely inconsistent with Reorganized

Debtors' claim that they are entitled to setoff or recoupment against Defendants in the amount of

$443,973.00 for purported "services" performed by CohnReznick "narrowly tailored to the

Defendants' discovery requests" in the Adversary Proceeding. Mot. at 5-6. Further, the conclusory

chart in Exhibit A of the Motion, reflecting only the summary of the billable hours for nine (9)

timekeepers, when compared with the actual time entries, confirms that Reorganized Debtors

mischaracterize CohnReznick's actual work performed in the Adversary Proceeding.

As a threshold matter, most if not all CohnReznick's time entries relate to tracing reports

and other financial investigation in late 2024 based on the Debtors' representations to the Court to

provide transparency in connection with the case and transfers from the Debtors. In fact, multiple

CohnReznick timekeepers entered time as early as August 15, 2024 relating to tracing reports and

other financial investigation for Debtors and affiliates – ***more than two months before*** Debtors

even filed the initial Complaint [Adv. ECF 1] commencing the Adversary Proceeding[2], ***more than***

---

[1] As noted in the Defendants' *Response in Opposition* [Adv. ECF 187], Reorganized Debtors failed to meet their burden of demonstrating the expert fees related to an expert deposition and even failed to identify or submit any itemized fee statements to the Court. By submitting copies of the time entries, Defendants are not waiving this position but are submitting the time entries to provide detailed examples of how the Reorganized Debtors failed to meet their burden.

[2] *See* **Entries for Stuart Neiberg [Testifying Expert]** at 09/25/24 Review/Analyze Historical Information ("Review document, tracing analysis and related information."), 09/26/24 Review/Analyze Historical Information ("Review, analysis re valuation, tracing of flow of funds and related."), 09/30/24 Review/Analyze Historical Information ("Review, analysis re tracing flow of funds and related information."), 10/03/24 Document Request/Response ("Call with CRO re: tracing documents and related."); **Entries for Mike Fussman [Managing Director for CohnReznick]** at 09/08/24 Document Request/Response ("Review, prepared updated data request

*four months before* Defendants (as Creditors) served their First Request for Production in the Bankruptcy[3]; and ***more than six months before*** Defendants served their First Request for Production in the Adversary Proceeding[4].

Further, CohnReznick's time entries do not mention any instance where any timekeeper prepared for or attended any deposition in the adversary proceeding – the only categories of recoverable fees for a testifying expert witness under Federal Rule of Civil Procedure 26. Indeed,

---

for asset tracing."), 09/25/24, Review/Analyze Historical Information ("Call with J. Tesoriero, KP Brockman re: Debtor entity asset tracing."), 10/14/24 Review/Analyze Historical Information ("Call with counsel, E. Berger, A. Klopp, S. Neiberg, KP Brockman re: tracing analysis and case status."); **Entries for John Tesoriero [Bookkeeper Manager for CohnReznick]** at 08/15/24 Review/Analyze Historical Information ("Continued review/analysis of documentation provided in portal for tracing flow of funds, ownership structure, ownership hierarchy, and related supporting documentation"), 08/16/24 John Tesoriero Review/Analyze Historical Information ("Reviewing documentation provided in portal for purposes of tracing flow of funds, ownership structure, ownership hierarchy, and agreeing to supporting documentation"); **Entries for K.P. Brockman [Senior Manager for CohnReznick]** at 10/03/24 Document Request/Response ("Review, prepare draft Debtors deliverables on document needs and tracing analysis."); 10/03/24 Document Request/Response ("Review, analysis and continued preparation of draft Debtors deliverables on document needs and tracing analysis."), 10/03/24 Document Request/Response ("Continued review, analysis and preparation of draft Debtors deliverables on document needs and tracing analysis."). Nearly all of the expert time reflected in these time entries appears to relate to CohnReznick's normal work in the main bankruptcy case, for which CohnReznick has already been generously compensated in excess of $1.8MM. Expert fees voluntarily incurred by the Reorganized Debtors, whether to trace the flow of funds through various related entities or for a draft expert report or other purposes, are not recoverable under Rule 26(b)(4)(E) because the fees do not constitute time spent testifying in an expert deposition in the adversary proceeding. *See Nogara v. Lynn Law Office P.C.*, No. 22-23142-CIV, 2024 WL 991786, at *2 (S.D. Fla. March 7, 2024) (Rule 26 governs the payment of fees for an expert's deposition).

[3] In the Bankruptcy, Defendants (as Creditors) served their First Request for Production on February 21, 2025; Second Request for Production on March 3, 2025; and Third Request for Production on September 28, 2025.

[4] In the Adversary Proceeding, Defendants served their First Request for Production (K-1s) and Second Request for Production (Plaintiff Interests) on April 3, 2025; Third Request for Production on April 30, 2025, and First Requests for Admission on August 9, 2025. The parties never agreed to formally schedule expert depositions. In fact, the Reorganized Debtors never produced the CohnReznick working files after the Reorganized Debtors conditioned delivery of the files on payment by the Defendants of expert fees relating to CohnReznick's review of their own files. The Defendants never agreed to pay such fees; the Reorganized Debtors never provided any estimate of the fees relating to CohnReznick's review of their own files.

the word "deposition" is never cited. Critically, the vast majority of time entries spanning over 90 pages – except for three individual entries – were entered before Plaintiffs' disclosed CohnReznick as their expert witness on August 15, 2025 in the Adversary Proceeding [Adv. ECF 102] and before there was even any discussion among the parties in October 2025 about possibly proceeding with expert depositions in the Adversary Proceeding. Reorganized Debtors will agree that CohnReznick never appeared for a deposition in the Adversary Proceeding, no deposition was ever noticed, and that the parties never agreed to a date for any CohnReznick deposition.

Accordingly, Reorganized Debtors have failed to meet their burden of establishing any entitlement to recover as a set off or recoupment of any requested fees or costs for CohnReznick's expert services under Federal Rules of Bankruptcy Procedure 7026 or 7054. In light of the uncovered entries, which Reorganized Debtors failed to provide this Court in the first instance as part of the Motion, this Court should deny the Motion [Adv. ECF 183] in its entirety, award Defendants any reasonable fees and costs incurred with defending against the Motion [Adv. ECF 183], and grant all such other relief as the Court deems just and proper.

Dated: June 29, 2026

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.


By:  /s/ *Darrell Payne*
    DARRELL PAYNE, FBN 773300
    dpayne@stearnsweaver.com
    PATRICIA A. REDMOND, FBN 303739
    predmond@stearnsweaver.com
    RYAN M. WOLIS, FBN 1019034
    rwolis@stearnsweaver.com

*Counsel for Defendants Jeanette Ivankovich and*
*Schiller DuCanto & Fleck LLP*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2026 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system which caused same to be served upon counsel and parties authorized to receive NEF's in this case.

By: /s/ *Darrell Payne*
DARRELL PAYNE

<u>**SERVICE LIST**</u>
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-01411-lMI**

The following parties are registered to receive NEF and will be served electronically through the Court's CM/ECF system:

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S. Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltann
enbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

David L. Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
and on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com

Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
and on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com

6